IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IAN WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| PHARMA MEDICA RESEARCH, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Serve Pharma Medica Research, Inc. at | ) | |
| Spenserv- St. Louis, Inc. | ) | |
| 1 North Brentwood Blvd, Tenth Floor | ) | |
| St. Louis, MO 63105 | ) | |

**COMPLAINT**

COMES NOW the Plaintiff, Ian Wallace, by and through his undersigned counsel, and for his cause of action against Defendants, Pharma Medica Research, Inc. (hereinafter "PMR") states as follows:

**PARTIES, JURISDICTION & VENUE**

1. That the petitioner is a resident and citizen of Madison County, Illinois.

2. That PMR is a Canadian corporation headquartered and with its principal place of business in Mississauga, ON Canada. PMR maintains a registered agent located at 1 North Brentwood Blvd., 10th Floor, St. Louis, Missouri. Further, PMR at all times relevant hereto operated a "Screening Clinic" and "Phase I Clinic" at 400 Fountain Lakes Blvd., St. Charles, Missouri.

3. This action is of civil nature and the amount in controversy, excluding interest and costs, exceeds the sum specified by 28 U.S.C § 1332. Every issue of law and fact is wholly between

1

citizens of different states. Consequently, jurisdiction of this Court is proper.

4. Venue is proper under 28 U.S.C. § 1391(b)(2); (d) because Defendant is subject to personal jurisdiction of this Court, having research facilities, businesses, and/or office locations in Missouri, including St. Louis and St. Charles, Missouri.

### COUNT I
### (Ian Wallace v. PMR)

5. That Plaintiff, on or about March 23, 2016, through April 23, 2016, and again on or about June 10, 2016, through June 14, 2016, participated in a research studies at PMR's facility located in St. Charles, Missouri. During this study plaintiff was repeatedly required to submit blood samples for testing, with such samples drawn by defendant's unknown employees and/or contractors, acting within the course and scope of their employment or agency relationship with the PMR. The identities of those employees at this point are unknown but will be obtained in discovery.

6. That based on the above, PMR owed a duty to plaintiff and others similarly situated to draw blood samples in a safe and sanitary fashion with properly trained, qualified and supervised staff.

7. That in violation of the aforesaid duty the defendant committed one or more of the following negligent acts and/or omissions:

      (a) Failed to properly train its employees and/or agents to perform blood extractions in a safe and sanitary fashion;

      (b) Failed to properly screen its employees and/or agents to ascertain whether said employees and/or agents were qualified and properly trained to draw blood samples in a safe and sanitary fashion;

      (c) Failed to properly supervise its employees and/or agents to insure that those employees and/or agents drew blood in a safe and sanitary

        fashion;

(d)     Failed to supply sufficient equipment to allow for the safe and sanitary drawing of blood samples;

(e)     Failed to properly clean and sterilize equipment used to draw blood samples;

(f)     Failed to properly screen its employees, and/or agents, and/or other participants in the study to determine whether such individuals were infected with contagious diseases;

(g)     Failed to properly dispose of unsanitary equipment used in the blood drawing process.

8.     That as a direct and proximate result of the aforesaid, plaintiff contracted Hepatitis C during the blood drawing process.

9.     That as a further and proximate result of the aforesaid, plaintiff has experienced and will continue to experience great pain and mental anguish. Plaintiff has incurred and will continue to incur medical bills to obtain treatment for his injuries. Plaintiff has lost income and will likely lose income in the future. Plaintiff's condition is such that it will require convalescent care in the future. Plaintiff has sustained loss of normal life.

WHEREFORE, Plaintiff prays for a judgment against the defendant for an amount in excess of $75,000.00 and for costs of this action.

**PLAINTIFF PRAYS FOR TRIAL BY JURY**

Respectfully Submitted,

**WENDLER LAW, P.C.**

By: */s/ Brian M. Wendler*
    Brian M. Wendler #39151
    Angie M. Zinzilieta #69783
    Paul Rademacher #69822

900 Hillsboro, Suite 10
Edwardsville, IL  62025
Phone: (618) 692-0011
Fax:     (618) 692-0022