UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IAN WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:18cv01859 PLC |
| | ) |
| PHARMA MEDICA RESEARCH, INC., | ) |
| | ) |
| Defendant. | ) |

**STIPULATED PROTECTIVE ORDER**

By agreement of Plaintiff Ian Wallace and Defendant Pharma Medica Research, Inc., and due to the discovery sought in this action by Plaintiff and Defendant that may require the production of certain confidential, proprietary and/or sensitive information, and the need to protect the confidentiality of such information, the parties stipulate to the Court's entry of a protective order having the following terms:

1. A party producing or propounding written discovery responses or documents that contain confidential financial information, trade secrets, proprietary, or other confidential information ("confidential information") shall mark such documents with the word "CONFIDENTIAL." Documents so marked are sometimes referred to in this order as "Protected Documents.'' The ability to designate materials as confidential under this order is to be used judiciously and reasonably.

2. If a Protected Document is used or marked as an exhibit in a deposition, or if deposition testimony discloses confidential information, counsel for the deponent or the party with whom the deponent is affiliated, or counsel for any party to this Action shall inform the deposing counsel of the confidentiality of any such testimony or exhibit, either contemporaneously during the deposition or within thirty (30) days after receiving a copy of the

deposition transcript. Each transcript so designated shall be treated as a Protected Document, and all such testimony so designated shall be treated as confidential information, except as otherwise agreed or ordered. For purposes of this Order, a deponent is "affiliated" with a party if he or she is a past or present officer, director, shareholder, agent, employee, consultant or representative of such party. All court reporters used to take depositions in this case will be informed of this Order and will be required to sign an agreement to operate in a manner consistent with this Order.

3. The designation of confidential material shall be made by placing or affixing on each page of the material in a manner, which will not interfere with its legibility the word "CONFIDENTIAL." The designation of confidential material may be made prior to reproduction of any such material selected on behalf of a party for copying and before distribution of such reproduced material to that parry. A party shall not be deemed to have waived any right to designate materials as confidential by allowing inspection of such material prior to a designation of such material as confidential or by inadvertently failing to mark a document as confidential prior to disclosure of the same.

4. Confidential information shall not be used, shown, disseminated, copied, or in any way communicated, orally or verbally, to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action. Access to confidential information shall be limited to those persons designated below, and all persons given access to confidential information shall keep all confidential information and the material contained therein confidential from all other persons.

5. Confidential information, and the information and contents thereof, may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

  a.  Plaintiff;

  b.  Defendant and their respective employees and agents;

  c.  Counsel of record for defendant and direct employees of such counsel who are materially assisting in the preparation or trial of this action;

  d.  Counsel of record for plaintiffs and direct employees of such counsel who are materially assisting in the preparation or trial of this action;

  e.  Experts and consultants retained by plaintiff or defendant whose assistance is necessary for trial preparation of this specific action, provided that no su.ch disclosure shall be made to any person employed by or consulting for any competitor of any defendant;

  f.  Under seal to the Court and the Court's employees and staff;

  g.  Court reporters pursuant to paragraph two of this agreement; and

  h.  Any person mutually agreed upon among the parties.

6.  In no event shall any disclosure of Protected Documents or materials be made to competitors of any defendant, or to any other person, corporation or entity who, upon reasonable and good faith inquiry could be determined to be employees of or consultants for a competitor of any defendant, irrespective of whether they are retained as an expert by counsel for plaintiff.

7.  Before being given access to any confidential information, each Qualified Person (other than the Court) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit "A," to be bound by the terms of this Order. Counsel for each party shall maintain a list of all Qualified Persons to whom they or their client have provided any confidential information, and that list shall be available for inspection by the Court.

8. The parties recognize that, during the course of this action, there may be produced confidential information originating with a non-party to which there exists an obligation of confidentiality ("Confidential Information"). Information originating with a non-party that a designating party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as Confidential Information and shall be subject to the restrictions on disclosure specified in this Protective Order.

9. In the event any party or non-party discovers, after it has produced information, that it has inadvertently produced Confidential Information that has not been designated as "Confidential," the producing party may designate the information as Confidential by a subsequent notice in writing specifically identifying the information and furnishing the correct designation, in which event the parties shall henceforth treat such information as Confidential under this Order, and shall undertake a best effort to retrieve any disclosure, dissemination, or use of such information prior to re-designation.

10. Any copy of a Protected Document distributed to a Qualified Person (other than the Court) shall be returned to counsel for the producing party at the completion of the Qualified Person's consultation or representation in this case. Such Qualified Person shall, upon the request of counsel for the producing party, execute an affidavit stating that all such documents and copies of such documents have been returned as required.

11. All Protected Documents that are filed with the Court, or those that contain Confidential Information, shall be filed electronically under seal with a certificate of service stating when and how the filing party provided a copy of the electronically filed and sealed material to other counsel of record.

12. Except to the extent otherwise permitted by this Order, counsel shall keep all materials or information designated as confidential and subject to this Protective Order within their exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of such materials to anyone.

13. Except to the extent permitted by this Order, each and every Qualified Person provided copies of or access to material designated as confidential pursuant to this Order shall keep all such materials and any permitted copies, notes, abstracts, or summaries of such material within their exclusive possession and control and shall exercise all necessary and prudent precautions to maintain the confidentiality of all such materials and shall not disseminate such materials or their contents to anyone. Counsel shall provide each Qualified Person a copy of this Protective Order.

14. Any Qualified Person having access to documents or information designated "Confidential" under this Protective Order, to the extent copies, duplicates. extracts, summaries, notes, or descriptions of the materials or information of any portion thereof, are created, shall treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials, or information of any portion thereof, as confidential and all provisions of this Agreed Protective Order shall apply equally to such materials so created in the same manner and to the same extent as are materials designated as "Confidential" by any party.

15. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege; provided that the producing party notifies the receiving party in writing of such inadvertent production. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing

party upon timely request. No use may be made of such documents subsequent to the request to return them. Nothing in this Protective Order shall limit the receiving party from requesting that the Court order the production of any such inadvertently produced documents, except such request may not be based upon the argument of waiver of the privilege or right to withhold documents.

16. In the event that any non-party shall be called upon, by subpoena or otherwise, to provide or produce Protected Documents or Confidential Information by such non-party, such non-party may elect to be bound by the terms of this Order by notifying counsel for all parties in writing. Upon service of such notice such non-party may designate documents and information as Confidential Information in the manner set forth in this Order, and such non-party's Confidential Information shall be treated in the same manner as the Confidential Information or Protected Documents of a party to this action.

17. After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. This Agreed Protective Order is and shall be deemed to be an enforceable agreement between the parties (and their agents and attorneys, to the extent permissible by the applicable rules of professional conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

18. To the extent that exhibit lists are filed in this cause, the parties shall, at the appropriate time, address the use and protection of such confidential documents at trial.

19. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents,

303533560v1 1004374

independent contractors, and other persons or organizations over which they have control. The parties, their attorneys and employees of such attorneys, and their expert witnesses, consultant and representatives retained in connection with this action each expressly stipulates to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

20. This Order does not constitute a waiver of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential business information, nor does it constitute an admission or representation by any party that any document or information designated as confidential is in fact a trade secret or contains confidential financial, proprietary, or business information. In particular, this Order does not constitute a waiver of defendant's right to redact documents produced in this action, nor does it constitute a waiver of plaintiff's right to challenge any such redaction or designation as confidential.

21. Nothing in this Order shall be deemed to limit a party's right to disclose to any person or use its own information and documents for any purpose.

22. The parties further agree that any legend or stamp utilized for document numbering or to identify or designate documents as being confidential, shall be placed, to the extent physically possible, on such documents so as not to obliterate, cover, or interfere with the reading of the substance of the documents and information contained within such documents.

23. If a party contends that any document has been erroneously designated "confidential," it shall nevertheless treat the document as confidential unless and until it either (a) obtains the producing parties' written permission to do otherwise, or (b) identifies the specific document and, upon a showing of some need or resulting prejudice, obtains an order of this

Court stating that the document is not confidential and shall not be given confidential treatment. Nothing in this Order shall constitute a waiver of any parties' right to object to the designation of a particular document as confidential.

24.  The parties reserve the right to move the court for an order to set aside this protective order, in whole or in part, upon good cause shown.

| HINSHAW & CULBERTSON LLP | WENDLER LAW, P.C. |
|---|---|
| By  */s/ Terese A. Drew*<br>Terese A. Drew, #32030MO<br>701 Market Street, Suite 1375<br>St. Louis, Missouri 63101<br>P: (314) 241-2600<br>F: (314) 241-7428<br>tdrew@hinshawlaw.com<br>*Attorneys for Defendant*<br>*Pharma Medica Research, Inc.* | By  */s/ Brian M. Wendler*<br>Brian M. Wendler, #39151MO<br>900 Hillsboro, Suite 10<br>Edwardsville, IL 62025<br>P: (618) 692-0011<br>F: (618) 692-0022<br>wendlerlawpc@gmail.com<br>*Attorneys for Plaintiff* |

**IT IS SO ORDERED**.

_____
**PATRICIA L. COHEN**
**UNITED STATES MAGISTRATE JUDGE**

**Dated this 19th day of April, 2019**

**EXHIBIT A – DECLARATION OF COMPLIANCE**

I,_____, do declare as follows:

1. My address is_____.

2. I have read the Stipulated Protective Order entered in this case, <u>Wallace v. Pharma Medica Research, Inc.</u>, 4:18cv01859 PLC (E.D. Mo.), a copy of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Order, including that upon receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures. Specifically, I acknowledge and agree that I hereby submit to the personal jurisdiction of the court as it relates to my ongoing compliance with the terms of the Stipulated Protective Order entered in this matter on <u>April 19, 2019</u>.

4. Further, I declare as provided by 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this_____day of_____2019, at_____.

Printed Name:  _____

303533560v1 1004374