# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IAN WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:18-cv-01859 PLC |
| ) | |
| PHARMA MEDICA RESEARCH, INC.; ) | |
| TRIS PHARMA, INC.; ROXANE ) | |
| LABORATORIES, INC.; HIKMA ) | |
| LABS, INC.; and WEST-WARD ) | |
| COLUMBUS, INC. ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Ian Wallace, by and through his undersigned counsel, and for his cause of action against Defendants, Pharma Medica Research, Inc., states as follows:

## PARTIES, JURISDICTION & VENUE

1. That the petitioner is a resident and citizen of Madison County, Illinois.

2. That Pharma Medica Research, Inc. (hereinafter "PMR") is a Canadian corporation headquartered and with its principal place of business in Mississauga, ON Canada. PMR maintains a registered agent located at 1 North Brentwood Blvd., 10th Floor, St. Louis, Missouri. Further, PMR at all times relevant hereto operated a "Screening Clinic" and "Phase I Clinic" at 400 Fountain Lakes Blvd., St. Charles, Missouri.

3. That Tris Pharma, Inc. (hereinafter "TPI"), is a New Jersey corporation with its principal place of business in New Jersey. TPI sponsored as master and PMR as agent a certain study at PMR's St. Charles, Missouri, facility as referenced in documents labeled PMRI 00168 through 00223. Plaintiff was a participant in that study.

1

4. Roxane Laboratories, Inc. (hereinafter "RLI") is an Ohio corporation with its principal place of business in Ohio. RLI sponsored as master and PMR as agent a certain study at PMR's St. Charles, Missouri, facility as referenced in documents bates labeled PMRI 00352 through 00391. Plaintiff was a participant in that study. RLI has been succeded by West-Ward Columbus, Inc. (hereinafter "WCI") and/or by Hikma Labs, Inc. (hereinafter "HLI") WCI is a Delaware corporation with its principal place of business in London, England. HLI is a Nevada corporation with its principal place of business in London, England.

5. This action is of civil nature and the amount in controversy, excluding interest and costs, exceeds the sum specified by 28 U.S.C § 1332. Every issue of law and fact is wholly between citizens of different states. Consequently, jurisdiction of this Court is proper.

6. Venue is proper under 28 U.S.C. § 1391(b)(2); (d) because Defendant is subject to personal jurisdiction of this Court, having research facilities, businesses, and/or office locations in Missouri, including St. Louis and St. Charles, Missouri.

### COUNT I
### (Ian Wallace v. PMR)

7. That Plaintiff, on or about March 23, 2016, through April 23, 2016, and again on or about June 10, 2016, through June 14, 2016, participated in a research studies at PMR's facility located in St. Charles, Missouri. During this study plaintiff was repeatedly required to submit blood samples for testing, with such samples drawn by defendant's unknown employees and/or contractors, acting within the course and scope of their employment or agency relationship with the PMR. The identities of those employees at this point are unknown but will be obtained in discovery.

8. That based on the above, PMR owed a duty to plaintiff and others similarly situated to draw blood samples in a safe and sanitary fashion with properly trained, qualified and supervised

2

staff.

9. That in violation of the aforesaid duty the defendant committed one or more of the following negligent acts and/or omissions:

    (a) Failed to properly train its employees and/or agents to perform blood extractions in a safe and sanitary fashion;

    (b) Failed to properly screen its employees and/or agents to ascertain whether said employees and/or agents were qualified and properly trained to draw blood samples in a safe and sanitary fashion;

    (c) Failed to properly supervise its employees and/or agents to insure that those employees and/or agents drew blood in a safe and sanitary fashion;

    (d) Failed to supply sufficient equipment to allow for the safe and sanitary drawing of blood samples;

    (e) Failed to properly clean and sterilize equipment used to draw blood samples;

    (f) Failed to properly screen its employees, and/or agents, and/or other participants in the study to determine whether such individuals were infected with contagious diseases;

    (g) Failed to properly dispose of unsanitary equipment used in the blood drawing process.

10. That as a direct and proximate result of the aforesaid, plaintiff contracted Hepatitis C during the blood drawing process.

11. That as a further and proximate result of the aforesaid, plaintiff has experienced and will continue to experience great pain and mental anguish. Plaintiff has incurred and will continue to incur medical bills to obtain treatment for his injuries. Plaintiff has lost income and will likely lose income in the future. Plaintiff's condition is such that it will require convalescent care in the future. Plaintiff has sustained loss of normal life.

WHEREFORE, Plaintiff prays for a judgment against the defendant for an amount in excess of $75,000.00 and for costs of this action.

## COUNT II

### (Ian Wallace vs. TPI)

NOW COMES the plaintiff, Ian Wallace, by and through his undersigned counsel, and for his cause of action against TPI states as follows:

1-11.   Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1-11 above.

12.   That TPI sponsored study number 2015-3952 pursuant to which it employed PMR to test on humans certain medications designed, manufactured, supplied and created by TPI. TPI controlled the actions of PMR or had the right to control the actions of PMR in such study. Such control enabled TPI to visit PMR's facility to assure compliance with TPI's instructions, policies, rules, protocols and guidelines; monitor PMR's conduct; request all information from PMR during the study; require reports from PMR; require audits; require quality assurance and quality control systems; require specific testing procedures including blood draws; regulate meal and sleep times of study participants; and all other restrictions set forth in the aforesaid study guidelines. Defendant also required PMR carry insurance for the study participants.

13.   That at all relevant times PMR was acting as the agent for TPI in the scope of its employment by TPI for the aforesaid study. As such, TPI is responsible for PMR's actions during the study.

14.   That Plaintiff sustained the damages described in Count I during the study at issue. Plaintiff's damages are aggravated by PMR's assertion that it did not carry insurance that TPI was to require PMR carry for Plaintiff and others in the study.

4

WHEREFORE, Plaintiff prays for a judgment against the defendant for an amount in excess of $75,000.00 and for costs of this action.

## COUNT III

### (Ian Wallace vs. RLI, WCI and HLI)

NOW COMES the plaintiff, Ian Wallace, by and through his undersigned counsel, and for his cause of action against RLI, WCI, and HLI, states as follows:

1-11.   Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1-11 above.

12.   That RLI sponsored study number DESV-T25-PVFS-1 pursuant to which it employed PMR to test on humans a certain medication designed, manufactured, supplied and created by RLI. RLI controlled the actions of PMR or had the right to control the actions of PMR in such study. Such control enabled RLI to visit PMR's facility to assure compliance with RLI's instructions, policies, rules, protocols and guidelines; monitor PMR's conduct; request all information from PMR during the study; require reports from PMR; require audits; require quality assurance and quality control systems; require specific testing procedures including blood draws; regulate meal and sleep times of study participants; and all other restrictions set forth in the aforesaid study guidelines. Defendant also required PMR carry insurance for the study participants.

13.   That at all relevant times PMR was acting as the agent for RLI in the scope of its employment by RLI for the aforesaid study. As such, RLI is responsible for PMR's actions during the study.

14.   That Plaintiff sustained the damages described in Count I during the study at issue. Plaintiff's damages are aggravated by PMR's assertion that it did not carry insurance that RLI was to require PMR carry for Plaintiff and others in the study.

WHEREFORE, Plaintiff prays for a judgment against the defendant for an amount in excess of $75,000.00 and for costs of this action.

**PLAINTIFF PRAYS FOR TRIAL BY JURY**

                                              Respectfully Submitted,

                                              **WENDLER LAW, P.C.**

By:   /s/   Brian M. Wendler
       Brian M. Wendler, #39151
       Angie M. Zinzilieta, #69783
       900 Hillsboro Ave., Suite 10
       Edwardsville, IL 62025
       Ph: (618) 692-0011
       Fax: (618) 692-0022
       wendlerlawpc@gmail.com
       *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was transmitted via electronic mail this 2nd day of August 2019, to the following:

Terese A. Drew
John R. Suermann, Jr.
701 Market Street, Suite 1375
St. Louis, MO 63101-1843
Ph: (314) 241-2600
Fax: (314) 241-7428
tdrew@hinshawlaw.com
jsuermann@hinshawlaw.com
*Attorneys for Pharma Medica Research*

                                                */s/   Brian M. Wendler*