**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IAN WALLACE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:18-cv-01859-PLC** |
| | ) | |
| **PHARMA MEDICA RESEARCH, INC.; TRIS PHARMA, INC.; ROXANE LABORATORIES, INC.; TRIS LABS, INC.; and WEST-WARD COLUMBUS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S RESPONSE TO**
**TRIS PHARMA, INC.'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the plaintiff, Ian Wallace, by and through his undersigned counsel, and for his Response to Tris Pharma, Inc.'s Motion for Judgment, states as follows:

## I. Argument and Authorities

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Facts must be viewed in the light most favorable to the non-moving party, who must be given the benefit of all reasonable inferences which may be made from the facts disclosed in the record. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Raschick v. Prudent Supply, Inc.*, 830 F.2d 1497, 1499 (8th Cir. 1987), *cert. denied*, 108 S. Ct. 1111 (1988).

Summary judgment only raises the preliminary question, "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). The evidence

is to be viewed in the light most favorable to the non-moving party, and "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* at 255.

Defendant's Motion seems to be illustrative of forbidden summary judgment motions which a defendant files simply to force a plaintiff to map out all their evidence before trial or risk dismissal. In *Goka v. Bobbitt*, 862 F.2d 646 (7th Cir. 1988), the Court rejected the argument that pursuant to *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the movant in a summary judgment proceeding is free to seek summary judgment by citing only to favorable evidence, thereby forcing the non-movant to undergo the burden of producing the remaining known evidence or risk dismissal. *Id.* at 650. The *Goka* court reversed the summary judgment ruling and remanded for imposition of sanctions as the movant may not simply ignore knowledge acquired through the course of discovery or otherwise when certifying a lack of material fact in a summary judgment motion. *Id.* Hoping the non-movant will fail or be unable to meet his burden in responding to the summary judgment motion defeats the purpose of Rule 56. *Id.*; *see also Boone v. Elrod*, 706 F.Supp. 636 (N.D. Ill. 1989) (denying summary judgment and *sua sponte* imposing sanctions); *see also Dixon v. Holmes*, 1994 U.S. Dist. LEXIS 13556 (N.D. Ill. 1994) (same). This Rule prevents filing of summary judgment motions for an improper purpose such as to harass. *Id.* at *2. A party must not pursue a summary judgment motion once a party learns through any source that a material factual dispute exists. *Boone,* 706 F.Supp. at 638-39.

Procedurally, Defendant's Motion fails for another reason. Defendant's motion seems to be an attack on the sufficiency of the complaint allegations rather than on a motion which posits that there is no genuine factual dispute. At no time did this defendant file a motion to dismiss under Rule 12 or any other rule to challenge the sufficiency of the complaint allegations.

In pursuing summary judgment, a defendant cannot rely on pleading deficiencies, but rather it must "show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Thomas v. Today's Growth Consultant, Inc.*, Case No. 15-cv-06015 (N.D. Ill. July 20, 2018); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (summary judgment decisions address "not the content of complaints but the evidence needed to take a claim to a jury"); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) ("[A] motion to dismiss tests the legal sufficiency of a pleading. Its factual sufficiency will be tested later—by a motion for summary judgment under Rule 56, and if necessary by trial."); *McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 469, 484 (6th Cir. 2014) ("Rule 9(b) imposes a pleading requirement . . . and challenges to the sufficiency of the pleadings must be asserted in a motion to dismiss under Rule 12(b)(6) rather than on summary judgment."). To do so, it must adduce evidence to support a judgment in its favor rather than rely on a claim that the opponent's pleadings provide inadequate notice or otherwise fall short. *Id.*; *see also Voeltz v. Bridge Charleston Invs. E, LLC*, Case No. 2:16-cv-2971-RMG (D.S.C. 2019) ("a defense regarding sufficiency of the pleadings cannot be raised in a motion for summary judgment under Rule 56. . .").

Here, Tris's Motion is premised upon its position that Plaintiff has not alleged the three required elements of agency. Defendant posits that the pleading is deficient and Plaintiff fails to state a claim against Tris for negligence or *res ipsa* loquitor based on agency. Defendant's Motion should be denied as it is procedurally improper to file a motion for summary judgment based on a pleading defect, particularly where the said defect, if timely and properly raised via motion to dismiss, would have been easily curable.

Defendant's Motion is procedurally improper for yet another reason. Defendant simply posits there is no evidence without submitting proof via affidavit, testimony or otherwise. The initial burden of proof in a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., Inc.*, 838 F.2d 268, 273 (8th Cir.1988). Once this burden is discharged and if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e)(2); *Mosley v. Fatoki*, Case No. 4:17-cv-00017-ERW (E.D. Mo. May 11, 2018). Thus, absent such proof, there is no shifting of the burden to the plaintiff. Here, although Defendant relies on *State ex rel. Ford Motor Company v Bacon.*, 63 S.W.3d 641 (Mo. banc 2002), the defendant in that case submitted an affidavit to establish a missing element of the agency-relationship test. No such affidavit was supplied here by Tris. Furthermore, Tris cannot supply such in a reply brief as Plaintiff will have no opportunity to respond.

Assuming, *arguendo*, the Court opts to consider the merits of the motion, the motion also fails on those grounds. While Defendant claims "Plaintiff had no evidence that Pharma had the power to alter legal relations between Tris and any third party" and there is no evidence that Tris had the power to alter legal relations between Pharma and any third party. Notably, Defendant submits no affidavit or testimony to support this argument. Similarly, it claims, with no affidavit or testimony in support of the assertion, that there is no fiduciary relationship between Tris and PMR. Tris has disclosed employees to testify but none have submitted an affidavit.

Despite Tris offering no evidence to support its two main points, the evidence is overwhelmingly to the contrary. Here, the only two defense witnesses to testify have undisputedly

stated study group sponsors like Tris controlled everything ranging from the timing and methods by which blood draws at issue occurred to the type of contraceptive devices the participants were allowed to use. *See* Plaintiff's Exhibit A, pp. 63-73, 84; *see also* Plaintiff's Exhibit B, pp. 20-23, 24, 94-95. The protocol is what determined whether PMR tested for hepatitis C at the conclusion of the study. *See* Plaintiff's Exhibit B, p. 96. Even the reporting of Plaintiff's extremely high liver enzyme levels was governed by the sponsor's protocol. *See* Plaintiff's Exhibit A, p. 112.

The protocol, as written, approved, and provided by Tris, is telling. *See* Plaintiff's Exhibit E (Under Seal). Defendant is quick to point out that the document affirmatively disclaims an agency relationship, but that disclaimer is not binding on Plaintiff, this Court, or any non-party to the contract. Absent such a disclaimer, anyone reading the contract would be left with no other conclusion than to assume that there was a classic agency relationship. The sponsor had the right to access the PMR facility during testing to observe testing. *See* Plaintiff's Exhibit B, at p. 24. Tris, the sponsor, had the right to review the records of all participants, the very same records which PMR has affirmatively claimed in this Court are legally protected and cannot be produced. The sponsor had the right to require the use of catheters rather than needles. *See* Plaintiff's Exhibit A, p. 84. Tris had the right to and, in fact required PMR obtain insurance. *Id.* at p. 27. Defendant's "Master Service Agreement" obligated the parties to adhere to Tris's terms and, if necessary, seek changes in writing from each other and from the FDA if necessary prior to implementation. *See* Exhibit C, at p. 3 par. 2.1, p.4 par 2.6, p 5, par 2,11, p.7 par. 3.4. The Master Agreement obligated PMR to adhere to procedures approved by Tris, along with any other written instructions provided by Tris. *See* Plaintiff's Exhibit C, p. 2 ¶2.2. PMR was obligated to perform the "Services" under the general direction of a Tris' designated representative. Exhibit C, p. 5 ¶2.9. The Agreement obligated PMR to include in any third party contracts the same terms as set forth in the Agreement.

*Id.* at p. 4, ¶ 2.5. PMR was prohibited from delegating any obligation to any company or third party without Tris prior written consent and approval. *Id.* at p. 21, ¶17.4. Despite such undisputed facts and testimony, Defendant claims there is no evidence of a right by Defendant to alter a legal relationship between PMR and third parties.

Regarding the fiduciary relationship requirement, the same Master Agreement obligated PMR to serve as custodian of Tris's "confidential" records, to organize them, and hold them in the strict confidence. *See* Plaintiff's Exhibit C, pp. 14-15, ¶¶ 9.1-9.4. By that same agreement, PMR and Tris were obligated to notify each other in the event of any lawsuit or claim to allow the other to take control if appropriate Tris. *Id.* at p.12, par. 7.4. The Agreement obligates Tris to indemnify and hold harmless PMR and its employees. *Id.* at pp. 11-12, ¶¶ 7.1-7.4. PMR was obligated by the Agreement to "cooperate" in any investigation, defense and/or settlement of any claims that could arise under the parties relationship, and Tris expressly retained the right to control the management and defense of any such claim. *Id.* at p. 12, ¶7.4.

In the event any PMR employee created any inventions or designs or made "discoveries and improvements[,]" such were required to be disclosed to Tris and the rights to such were to be assigned to Tris. *Id.* at p. 13, ¶¶8.1, 8.2. PMR is obligated to assist Tris's to perfect such rights, including filing for patents, copyrights or other legal protections. *Id.* at, p. 13, ¶8.1.

A principal is typically liable for the acts of its agent. *Motorsport Marketing, Inc. v. Wiedmaier, Inc.*, 195 S.W.3d. 492, 498 (Mo. App. 2006). To prove an agency relationship, plaintiff must show: (1) the agent holds the power to alter legal relations between the principal and third parties; (2) the agent is a fiduciary with respect to matters within the scope of the agency; and (3) the principal has the right to control the conduct of the agent with respect to matters entrusted to the agent. *State ex. rel. Ford Motor Co. v. Bacon*, 63 S.W.3d. 641, 642 (Mo. banc

2002). A principal may be responsible for the acts and agreements of its agent if the agent acts with actual or apparent authority. *Bluehaven Funding, LLC v. First Am. Title Ins. Co.,* 4:06-cv-1425S-NLJ, 2009 WL 1421207, at *8 (E.D. Mo. May 20, 2009), *aff'd*, 594 F.3d 1055 (8th Cir. 2010); *see also Hardcore Concrete*, 220 S.W.3d. 350, 355 n.4 (Mo. App. S.D. 2007). "Normally, whether a principal-agent relationship exists is a question for the jury, but when the facts are undisputed and only one reasonable conclusion can be drawn from them, it is a question of law." *Weitz Co. v. MH Washington*, 631 F.3d 510, 522 (8th Cir. 2011); *McAllister v. St. Louis Rams, LLC*, Case No. 4:16-cv-172-SNLJ (E.D. Mo. March 13, 2018).

A fiduciary is "[s]omeone who is required to act for the benefit of another person on all matters within the scope of their relationship; one who owes to another the duties of good faith, loyalty, due care, and disclosure." *See* FIDUCIARY, Black's Law Dictionary (10th ed. 2014). It is difficult to imagine a more compelling case of one corporation serving as a fiduciary for another. Not only was a there a duty of good faith, that duty was codified and expanded in the Master Agreement upon which this defendant relies. It could not disclose any records per the Agreement, and it was obligated to assist in any challenges to requests for such records. There was clearly a fiduciary relationship. PMR had the contractual right to alter relationships on Tris behalf as shown above concerning contracts with study participants, contractors, insurers, the U.S. Patent and Trade Mark Office, and legal counsel.

For the foregoing reasons, the Motion for Summary Judgment should be denied on procedural and substantive bases. In the event the Court finds a pleading deficiency Plaintiff prays for leave to amend his complaint to cure such.

WHEREFORE, Plaintiff prays for an Order denying Defendant's Motion for Summary Judgment and for such other and further relief as deemed just.

Respectfully submitted,

**WENDLER & ZINZILIETA, P.C.**

By: /s/Brian M. Wendler
Brian M. Wendler, #39151 MO
Angie M. Zinzilieta, #69783 MO
Aaron N. Clite, # 72749
900 Hillsboro Ave., Suite 10
Edwardsville, Illinois 62025
Phone: (618) 692-0011
Fax: (618) 692-0022
Email: wendlerlawpc@gmail.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certifies that a true and correct copy of the foregoing was filed with the Court's e-filing system and transmitted via electronic mail to the following parties of record on December 10, 2020:

Ms. Terese A. Drew
**HINSHAW & CULBERTSON, LLP**
701 Market Street, Suite No. 1375
St. Louis, Missouri 63101-1843
Phone: (314) 241-2600
Fax: (314) 241-7428
Email: tdrew@hinshawlaw.com
*Attorney for Pharma Medica and Tris Pharma*

Mr. Brian K. McBrearty
**LITCHFIELD CAVO, LLP**
222 South Central Avenue, Suite No. 110
St. Louis, Missouri 63105
Phone: (314) 725-1227
Fax: (314) 724-3006
Email: mcbrearty@litchfieldcavo.com
*Attorney for Roxane Laboratories, Inc., Tris Pharma, Inc., & West-Ward Columbus, Inc.*

By: /s/Brian M. Wendler