UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IAN WALLACE,                                    )
                                                )
            Plaintiff,                          )
                                                )
      v.                                        )          Case no. 4:18cv01859 PLC
                                                )
PHARMA MEDICA RESEARCH, INC.,                   )
et al.,                                         )
                                                )
            Defendants.                         )


MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Ian Wallace's motion to compel directed to

Defendant Pharma Medica Research, Inc.  ("Pharma") only [ECF No. 98].  Pharma opposes the

motion.

I.      Background

In his six-count second amended complaint, Plaintiff asserts negligence and *res ipsa*

*loquitor* claims against Pharma and four other Defendants.  More specifically, Plaintiff alleges he

contracted hepatitis C as a result of blood draws he received, between March 23 and June 14, 2016,

at Pharma's facility in St. Charles, Missouri, where Plaintiff participated in two medical studies

allegedly sponsored by the four other Defendants.[1]

The Court granted non-party Missouri Department of Health and Senior Services'

("DHSS'") motion to quash a subpoena served by Plaintiff.  [ECF No. 83]  By his subpoena,

Plaintiff had sought DHSS' production of:  (1) all of Pharma's reports to DHSS of "positive

_____

[1] The record discloses that Pharma's St. Charles facility has been closed since about mid-2019.

Hepatitis C results in its study participants and/or employees since January 1, 2015" and (2) "all reports [by DHSS] of inspections and/or violations since January 1, 2015 regarding Pharma."[2]  In the Order granting the motion to quash, the Court found, among other things, that: (1) the subpoenaed materials were relevant; (2) the subpoena was not overbroad in seeking "information about individuals who are not litigants in this case"; and (3) "Plaintiff should attempt to obtain the subpoenaed information from one or more Defendants."  [Id.]

In May 2020, Plaintiff filed a motion to compel and for a HIPAA Qualified Protective Order.  [ECF No. 89]  With respect to his motion to compel Plaintiff sought an order

> requiring Pharma . . . to immediately and fully produce to Plaintiff's counsel:  a) all medical records, notes, blood tests and/or lab records which reveal any participant in any study by Pharma . . . in which Plaintiff was a participant and in which such participant(s) was found to have or was diagnosed with Hepatitis C and to disclose the identity of any such person; b) all of Pharma['s] . . . reports of positive Hepatitis C results in its study participants and/or contract workers and/or employees at its St. Charles facility since January 1, 2015; and c) all DHSS reports of inspections [of Pharma's St. Charles facility] and/or violations [at Pharma's St. Charles facility] since January 1, 2015.

[Id. at 2-3]  Plaintiff attached to the motion a proposed HIPAA Qualified Protective Order.  [ECF No. 89-1]

In June 2020, the Court granted Plaintiff's unopposed motion to compel and for a HIPAA Qualified Protective Order ("the June Order").  [ECF No. 90]  In particular, the June Order required Pharma to produce to Plaintiff's counsel on or before June 26, 2020:

> the information requested in Plaintiff's unopposed motion to compel, specifically:
>
> (1) all medical records, notes, blood tests and/or lab records which reveal any participant in any study by Pharma . . . in which Plaintiff was a participant and

---

[2]  See copy of subpoena filed by Plaintiff.  [ECF Nos. 65-1, 69-6]

in which such participant(s) was found to have or was diagnosed with Hepatitis C and to disclose the identity of any such person;

> (2) all of Pharma['s] . . . reports of positive Hepatitis C results in its study participants and/or contract workers and/or employees at its St. Charles facility since January 1, 2015; and

> (3) all DHSS reports of inspections of Pharma's St. Charles facility and/or violations at Pharma's St. Charles facility since January 1, 2015.

[Id. at 2-3]  The June Order also provided:

> to the extent Pharma's compliance with this Order involves the disclosure of any non-litigant's identity and any information pertaining to the health, diagnosed condition, or medical care of Plaintiff and any other individual, the compliance shall be maintained confidentially and used for this litigation only, with destruction of the produced information regarding non-litigants at the conclusion of this litigation, in accordance with the unopposed "HIPAA Qualified Protective Order" . . . filed separately this date.

[Id. at 3]  The separate HIPAA Qualified Protective Order [ECF No. 91], which Plaintiff proposed without opposition from any Defendant, authorized the litigants and their attorneys in this case to receive, subpoena, and transmit "'protected health information' ('PHI') pertaining to [Plaintiff] and any former participant in studies at and/or any former employee/independent contractor at Pharma['s]" St. Charles, Missouri facility subject to the terms and conditions of the Order.  [Id. at 1-2]

## II.    Plaintiff's pending motion to compel

Plaintiff asserts that Pharma complied with the June Order, to the extent it required production of information, by producing "redacted records of only one other individual who tested positive at the initial screening, such that he/she was not admitted into the study."  [ECF No. 98 (emphasis in original)]  This compliance, Plaintiff contended, is contrary to the deposition testimony of Dr. Jordan, the physician at Pharma's St. Charles facility, who, "in no uncertain terms, testified there was at least one other person who tested positive for Hepatitis C at the conclusion

- 3 -

of a study," in addition to "maybe two or three per year [identified] through [pre-study] screening."[3]  [Id. at 2 (emphasis in original)]  Plaintiff further argues that Pharma's compliance violated the terms of the June Order and the HIPAA Qualified Protective Order, which do not permit production of redacted information.  [Id.]  To the extent Pharma stated "its transfer of records to be 'archived' impacted its ability to produce records," to excuse its response to Plaintiff's request for production, Plaintiff argued Rule 34(b)(2)(A)[4] does not make an exception for "archived" material.  [Id.]

Plaintiff urges the Court to treat Pharma's evasive or incomplete compliance "as a failure to disclose, answer, or respond" under Rule 37(a)(4) and, as a result of that failure, the Court has authority under Rule 37(b)(2) "to impose a myriad of sanctions" specified in that Rule.  [Id.]  Specifically, Plaintiff asserts:

> a just and fair Order would require the Missouri Department of Health to comply with Plaintiff's subpoena with all costs, expenses, and fees to be paid by [Pharma].  Alternatively, . . . the Court should enter an Order designating as an established fact at trial, that others in [Pharma]'s study groups tested positive for hepatitis C at the conclusion of studies and prohibiting Defendant[]s from in any way challenging

---

[3]  Additionally, Plaintiff states he cannot ascertain whether the individual subject to the redacted information produced by Pharma participated in any other study at Pharma's facility "because [Pharma] redacted his/her name and all contact information to deprive Plaintiff of a means to speak to him/her."  Pl.'s mot. compel at 1-2 [ECF No. 98].

[4]  Plaintiff first cited "Rule 34" in support of his position that the Rule "specifically requires a party to produce records as requested, not unilaterally redacted records."  Pl.'s mot. compel at 2 [ECF No. 98].  In the next sentence, Plaintiff stated the proposition that a litigant's "responses [to a request for production] are due within 30 days," citing as support "Rule 30(b)(2)(A)."  Id.  There is, however, no "Rule 30(b)(2)(A)" and no provision in Rule 30(b)(2) setting forth a thirty-day requirement for a response to a request for production.  The requirement that a litigant must respond to a request for production within thirty days of the request is set forth in Rule 34(b)(2)(A).  That Rule, titled "Time to Respond," expressly addresses the period allowed for production of a response to a request for production served under Rule 34.  The Court refers to Rule 34(b)(2)(A), rather than "Rule 30(b)(2)(A)" as cited by Plaintiff, as support for Plaintiff's statement that a litigant must respond within thirty days to a request for production.

such fact or from attempting to argue the temporal relationship of such to Plaintiff's infection.

[Id. at 3]

Pharma counters that, contrary to Plaintiff's representations, (1) it timely responded to Plaintiff's request as required by the June Order; (2) "it did not have any other reports that were submitted to the [DHSS] (via the local Health Department for St. Charles) other than the report that was prepared for" Plaintiff; and (3) "there were no other participants in any of the studies [in which] Plaintiff participated, that tested positive for Hepatitis C." [ECF No. 104]  Pharma also stated that, in response to the June Order, it "responded that there was one individual who tested positive and [Pharma] furnished the material" in a redacted form.  [Id.]  In support of its position that providing the redacted version of the responsive material complies with the June Order, Pharma explained that the June Order:

> was very specific in that as it pertained to the individuals who were in the studies with Plaintiff, the Court specifically ordered that "unredacted" forms be submitted. With regards to the other information concerning employees, and other study participants who may have tested positive since January, 2015 through the closing of the facility, the Court did not make such a clarification or requirement. Accordingly, [Pharma] produced the only report that it had in a redacted manner . . . [which] was not contrary to the [June Order].

[Id. at 2]  Pharma further asserted that the June Order "did not address whether those forms would be presented in a redact[ed] or unredacted fashion" and Plaintiff "misconstrue[d]" the HIPAA Qualified Protective Order.  [Id. at 2]

> With respect to the HIPAA Qualified Protective Order, Pharma argues that order addressed the return of protected and privileged materials at the conclusion of the case.  There was no indication that individuals who were not involved in the litigation and who may have tested positive years after Plaintiff participated in his studies, were subject to having their identification privacy issues disclosed.  This Court has been very particular in precluding identifying information (address and other personal identifiers) from being disseminated.

[Id.]  Pharma then points out the Court redacted personal information regarding Dr. Jordan from her deposition.  [Id.]

In response to Plaintiff's request for an order requiring Pharma to "underwrite the cost of" DHSS's effort "to retrieve all [of Pharma's] alleged submissions," Pharma characterizes Plaintiff's request as "unduly harassing, overbroad and punishing in nature."  [Id.]  Pharma's counsel reported that, during a discussion she had with Plaintiff's counsel the day Plaintiff's pending motion to compel was filed, Pharma's counsel

> suggested that, if [Plaintiff's counsel] did not believe that Pharma . . . was forthright in its production, which [it was], he could subpoena the records from the Health Department for the County of St. Charles, Missouri as that was the means and method that . . . Pharma . . . had to submit any such reports.

[Id.]  Urging that it has complied with Plaintiff's request and has produced the information that it has, Pharma asks the Court to deny Plaintiff's motion to compel.  [Id. at 3]

In reply, Plaintiff reiterates that the production of a single report from a screening, when Defendants' witness testified to a hepatitis C positive study participant, with redactions not previously authorized by the Court, constitutes a failure to answer and "is not only improper but is sanctionable."  [ECF No. 105 at 1-2]  Plaintiff states that courts disfavor unilateral redactions in discovery documents and it is too late for Pharma to seek a protective order because discovery has closed.  [Id.]  In addition to the previously requested relief, including an order requiring Pharma to produce in unredacted form all responsive documents, Plaintiff asks that Pharma "explain in writing and under oath any discrepancy between the testimony of Dr. Jordan and what it produces including a statement regarding whether any records have been misplaced, lost, destroyed, archived or any other reason why they cannot be produced."  [Id. at 4]

### III.     Legal Standard

This Court has "very wide discretion in handling pretrial discovery" and its discovery ruling is reversed only when, under the totality of the circumstances, the discovery order is "seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." Hill v. Southwestern Energy Co., 858 F.3d 481, 484 (8th Cir. 2017) (internal quotation marks omitted) (quoting United States ex rel. Kraxberger v. Kansas City Power & Light Co., 756 F.3d 1075, 1082 (8th Cir. 2014)).  "'This deferential standard means "that the court has a range of choice, and its decision will not be disturbed as long as it stays within that range[,] is not influenced by any mistake of law' or fact, [and does not make] a clear error of judgment in balancing relevant factors.'"  Pamida, Inc. v. E. S. Originals, Inc., 281 F.3d 726, 729 (8th Cir. 2002) (quoting Miscellaneous Docket # 1 v. Miscellaneous Docket # 2, 197 F.3d 922, 925 (8th Cir. 1999) (first alteration in original)).  Importantly, "[l]iberal discovery [under Rule 26] is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes."  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984).

### IV.     Discussion

Plaintiff argues that Pharma did not comply with the Court's June Order requiring production of records and reports relating to other study participants testing positive for hepatitis C because Pharma:  (1) produced one report of a study candidate, not a study participant, testing positive for hepatitis C; and (2) redacted that individual's name and contact information.  In response, Pharma asserts that it provided all responsive material and properly redacted identifying information.

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. See Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may

move for an order compelling disclosure or discovery.").  Pursuant to Rule 26(b), the scope of discovery in federal matters is extremely broad.  Mills v. Liberty Mut. Ins. Co., No. 4:16-CV-00571 JAR, 2017 WL 1497904, at * 2 (E.D. Mo. April 24, 2017) (quoting Gowan v. Mid Centry Ins. Co., 309 F.R.D. 503, 508 (D.S.D. 2015)).  See also 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 3637 (1970).  Federal Rule of Civil Procedure 26(b)(1) provides that civil litigants may obtain:

> Discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.  "Given that the [FRCP] allow[s] for broad discovery, the burden is typically on the party resisting discovery to explain why discovery should be limited."  Maritz Holdings Inc. v. Certain Underwriters at Lloyd's London Subscribing to Policies Numbered B122f10115115 and F10115116, No. 4:18-CV-825 PLC, 2020 WL 6582662, at *2 (E.D. Mo. Nov. 10, 2020) (alterations in original) (quotation omitted).

As previously discussed, the Court's June Order required Pharma to produce "all medical records, notes, blood tests and/or lab records which reveal any participant in any study of Pharma … *in which Plaintiff was a participant* and in which such participant(s) was found to have or was diagnosed with" hepatitis C.  [ECF No. 90 at 3 (emphasis added)]  In opposing Plaintiff's motion to compel production, Pharma asserts that "there were no other participants in any of the studies [in which] Plaintiff participated, that tested positive for [h]epatitis C."  [ECF No. 104 at 1]

Despite Pharma's representation that no one who participated in a study with Plaintiff had hepatitis C, Plaintiff maintains that Pharma withheld responsive documents.  In support of his position, Plaintiff points to Dr. Jordan's deposition testimony.  At her deposition, Plaintiff's counsel asked Dr. Jordan "approximately how many times [she] reported patients to the State of Missouri for testing positive for [h]epatitis C?"  [ECF No. 98 at 7]  Dr. Jordan responded:  "I can only recall one other time that there was a [h]epatitis C …after study."  [Id.]  Dr. Jordan did not specify whether that study participant with hepatitis C participated in the same study as Plaintiff.

Contrary to Plaintiff's assertion, Dr. Jordan's testimony is not inconsistent with Pharma's statement that no other participants, who participated in a study in which Plaintiff also participated, tested positive for hepatitis C.  Absent evidence to the contrary, the Court will accept Pharma's representation that it complied with its discovery obligations and produced all responsive documentation in its possession.

Plaintiff also challenges Pharma's production of documents with redactions and moves for production of the unredacted version of the documents.  Pharma does not cite any case law supporting its view that it may unilaterally redact information based on privacy concerns, but rather argues that the Court's June Order did not expressly forbid it.

Federal Rule of Civil Procedure 34 mandates that "[a] party must produce documents as they are kept in the usual course of business …."  Fed. R. Civ. P. 34(b)(2)(E)(i).  Nothing in the Federal Rules of Civil Procedure permits the unilateral redaction of information, in otherwise responsive documents, on the basis of confidentiality or privacy concerns.[5]  Instead, the Federal

---

[5] The limited bases recognized by the Federal Rules of Civil Procedure for prohibiting a party from seeing portions of a document (namely, privilege or trial-preparation protection) do not apply here. See Fed. R. Civ. P. 26(b)(5).

Rules of Civil Procedure allow parties to move for a protective order.  Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.").

Here, there is in place a HIPAA Qualified Protective Order [ECF No. 91] that may be used to limit the dissemination of any confidential information.  See Bartholomew v. Avalon Capital Group, Inc., 278 F.RD. 441, 452 (D. Minn. 2011) ("[A] party seeking the power to unilaterally redact documents for relevance should request leave to redact" and the parties' protective order "could be utilized to limit the dissemination of any confidential information."). The HIPAA Qualified Protective Order, which the Court entered on Plaintiff's motion with no opposition from any Defendant, authorized the parties and their attorneys to "receive, subpoena, and transmit 'protected health information' (PHI) pertaining to [Plaintiff] and any former participant in studies at" Pharma's facility in St. Charles, Missouri.  [ECF No. 91]  The HIPAA Qualified Protective Order provides that all PHI shall be "appropriately safeguarded" and destroyed at the conclusion of the litigation.  [Id.]   The June Order, entered the same day, expressly invoked the protections of the HIPAA Qualified Protective Order when it stated that, "to the extent Pharma's compliance with this Order involves the disclosure of any non-litigant's identity" and/or "protected health information," the documents "shall be maintained confidentially and used for this litigation only, with destruction of the produced information regarding non-litigants at the conclusion of this litigation[.]"  [ECF No. 90]  Pharma has not identified any reason why the HIPAA Qualified Protective Order does not adequately protect the study participant's confidential information.

Without citation to authority, Pharma suggests that it was permitted to redact information on the basis of privacy concerns because the Court's June Order required Pharma to "to disclose

the identity of any such person" who had hepatitis C and participated in a study with Plaintiff, but did not specifically require disclosure of the identities in "reports of positive [h]epatitis C results in its study participants" generally.  The Court finds, however, that the absence of language specifically requiring the disclosure of identifying information does not bestow permission to unilaterally redact information from responsive documents.  The Court therefore concludes that the documents from which Pharma redacted information must be produced again without the redactions.

Plaintiff also requests sanctions pursuant to Fed. R. Civ. P. 37.  More specifically, Plaintiff requests an order either:  (1) requiring the Missouri Department of Health "to comply with Plaintiff's subpoena with all costs, expenses, and fees to be paid by [Pharma]"; or (2) "designating as an established fact at trial, that others in [Pharma's] study groups tested positive for hepatitis C at the conclusion of studies" and prohibiting the defendants from "challenging such fact or from attempting to argue the temporal relationship of such to Plaintiff's infection." [ECF No. 98 at 3]

A district court has broad discretion to impose sanctions for discovery violations pursuant to Fed. R. Civ. P. 37.  See Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 642-43 (1976) (per curiam).  As Plaintiff correctly points out, an "evasive or incomplete disclosure, answer, or response [is] treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).  However, "[i]n order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir.1999).  Because Plaintiff has not established that Pharma's discovery violation was "willful," the Court declines to impose sanctions.

**V.     Conclusion**

- 11 -

For the forgoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel [ECF No. 98] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Pharma shall, within five days of the date of this order, produce to Plaintiff's counsel unredacted versions of the requested documents utilizing the protections set forth in the HIPAA Qualified Protective Order [ECF No. 91].


_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of January, 2021

- 12 -