## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| IAN WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-1859 PLC |
| | ) | |
| PHARMA MEDICA RESEARCH, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Upon review of the record and following the final pretrial conference in this case held on June 1, 2021, and for the reasons stated more fully on the record, the Court sets forth its ruling on the parties' motions in limine as follows:

**I.      Plaintiff's Motion in Limine [ECF No. 166]**

Plaintiff seeks an order in limine prohibiting Defendant's witnesses or its counsel from mentioning or presenting testimony or statements in the presence of the jury of the following:

*1.   Plaintiff's use of marijuana, alcohol, or illegal drugs.*

Plaintiff asserts that Defendant should be precluded from presenting any evidence or argument suggesting that Plaintiff used marijuana, alcohol, or illegal drugs.  Defendant has no objection.  This motion is granted.

*2.   Malingering and/or secondary gain arguments*

Plaintiff argues that the Court should prohibit any suggestion that people who are involved in litigation tend to have more physical complaints and complaints about their injuries longer. Defendant has no objection, as long as Plaintiff is not suggesting that Defendant cannot present

evidence in support of its affirmative defense that Plaintiff failed to mitigate his damages.  This motion is granted.

3.  *Plaintiff's conditions were caused or aggravated by subsequent medical treatment*

Plaintiff asserts that the Court should prohibit any argument, testimony, or suggestion that Plaintiff's injuries and/or damages were caused by his subsequent medical treatment or misdiagnosis.  Defendant has no objection.  This motion is granted.

4.  *Comparing Plaintiff's lawsuit to a lottery or game of chance*

Plaintiff maintains that any argument comparing Plaintiff's personal injury to playing a game of chance such as the lottery or a casino game is improper and should be excluded. Defendant has no objection.  This motion is granted.

5.  *Suggestion that "money will not undo" Plaintiff's injury or damage*

Plaintiff requests the Court exclude any reference or suggestion to the effect that "money will not undo what injury and damage Plaintiff may have sustained."  Defendant has no objection and asserts that the prohibition should apply equally to both parties.  This motion is granted.

6.  *Any reference to "getting rich"*

Plaintiff argues the Court should bar any reference or argument by Defendant that the verdict being sought by Plaintiff's counsel is nothing more than greed or an effort to "get rich" on the part of Plaintiff or Plaintiff's counsel.  Defendant does not object and asserts that Plaintiff should likewise be barred from introducing such evidence.  This motion is granted.

7.  *Any suggestion that Defendant is sorry that Plaintiff contracted hepatitis C*

 Plaintiff asserts that any suggestion that Defendant is "sorry for" or "regrets" that Plaintiff contracted hep C is a "blatant and improper appeal for jury sympathy toward the Defendant, and an invitation for the jury to disregard its duty to determine liability and award such damages as the

evidence demonstrates."   Defendant responds that Plaintiff's motion is "overreaching" and Defendant should not be prohibited from saying that it feels sympathy for Plaintiff but is not liable for his hepatitis C infection.  For the reasons stated on the record, this motion is denied.

8. *Present cash value of pain award*

Plaintiff moves the Court to exclude any suggestion that Plaintiff's pain and suffering or any other non-pecuniary element of damages can be reduced to present cash value.  Defendant has no objection.  This motion is granted.

9. *Speculative causes should be barred*

Plaintiff argues that any argument, questioning or testimony suggesting that some unknown and/or unproven event caused Plaintiff's injuries should be barred.  Defendant opposes the motion, asserting that, in convincing the jury that the alleged negligence did not cause the injury, Defendant may produce other possible causes of the injury.  This motion is denied.

10. *Evidence or witnesses not disclosed in pretrial discovery*

Plaintiff states that, under Fed. R. Civ. P. 37, a party may not use at trial evidence that was not produced in response to discovery requests.  Defendant has no objection as long as the prohibition applies to both parties.  This motion is granted.

11. *Failure to call equally available witnesses/Dr. Rose*

Plaintiff requests the Court prohibit any reference by Defendant to Plaintiff's failure to call as a witness any persons to whom Defendant has equal access.  Defendant opposes the motion, arguing that, when a witness is "peculiarly available" to one party and that party fails to call him or her, the opposing party may properly ask the jury to infer that the witnesses' testimony would have been unfavorable to the other side.  The Court grants this motion at this time, but the Court will reconsider its ruling depending on the evidence at trial.

3

*12. Timing of retention of Plaintiff's counsel*

Plaintiff urges the Court to prohibit any suggestion that the length of time between Plaintiff's injury, when Plaintiff retained counsel, and the filing of the lawsuit reflects upon the litigiousness or credibility of either Plaintiff or his counsel.  Defendant has no objection.  The Court grants this motion.

*13.  Arguments regarding Plaintiff's counsel location*

Plaintiff argues the fact that his counsel's office is located in Illinois is irrelevant. Defendant has no objection.  This motion is granted.

*14. Any references to crimes or orders of protection*

Plaintiff asserts that evidence relating to orders of protection against him that his ex-girlfriend either obtained or is currently litigating is inadmissible and prejudicial.  Defendant does not object, but states that, if Plaintiff has any prior felony convictions or convictions for misdemeanors reflecting on his credibility, such evidence is admissible.  The Court grants this motion as to orders of protection.

*15.  Workers compensation claims*

Plaintiff maintains that Defendant should not elicit evidence of prior unrelated workers compensation claims.  Defendant has no objection.  This motion is granted.

*16. Failure to mitigate evidence*

Plaintiff argues that the Court should prohibit Defendant from presenting evidence that Plaintiff failed to mitigate his damages.  More specifically, Plaintiff asserts that Defendant may not argue that he failed to mitigate his damages because "no experts in the case at bar have opined that Plaintiff was non-compliant with medical treatment and that such non-compliance affected Plaintiff's recovery and/or outcome."  [ECF No. 166 at 13]  Defendant counters that it intends to

4

introduce evidence that Plaintiff failed to mitigate his damages by failing to return to work.  For the reasons stated on the record, this motion is denied.

*17. Witness sequestration is invoked*

Plaintiff invokes the witness exclusion rule and requests the Court instruct Defendant and counsel that any discussion with excluded witnesses about trial testimony is prohibited.  Defendant has no objection.  The Court explained that witness sequestration is not a proper subject for a motion in limine, and the Plaintiff agrees to withdraw this motion.  This motion is denied as moot.

*18.  Unrelated medical conditions*

Plaintiff asserts that any reference to a pre-existing or other injury or condition suffered by Plaintiff, which is not causally connected by a medical doctor to the injuries he sustained as a result of Defendant's alleged actions, would be irrelevant, immaterial, and prejudicial.  Defendant agrees and further objects to the introduction of any evidence relating a medical condition to Defendant's alleged negligence without accompanying medical testimony.  This motion is granted.

*19. Blaming former parties and non-parties*

Plaintiff requests the Court prohibit Defendant from suggesting that any former defendant or non-defendant party was responsible for Plaintiff's injuries.  In particular, Plaintiff asserts that, in light of the Court's grant of summary judgment to Defendant's former co-defendants and study sponsors, "[i]t would be grossly unfair to Plaintiff if the remaining Defendant were allowed to blame the dismissed defendants at trial."  [Id. at 19]  Defendant opposes the motion, arguing that it should be allowed to suggest that any other party, former defendant or non-defendant, is responsible for Plaintiff's injuries.  The Court grants this motion to extent that Defendant may not disclaim liability based on the summary judgment granted in favor of the other Defendants.  Defendant may introduce evidence of and address:  (1) the parameters, guidelines or requirements

of the studies in which Plaintiff participated at Defendant's facility in 2016 and (2) other possible sources of Plaintiff's hepatitis C infection during the relevant time.

## II.      Defendant's General Motions in Limine [ECF No. 163]

*1.  Cumulative pain and suffering testimony*

Defendant argues that evidence of Plaintiff's alleged pain and suffering, if elicited from multiple family members, would be cumulative and serve only to evoke sympathy from the jury. Plaintiff responds that Defendant's motion is impossibly vague.  This motion is denied, as Defendant agreed to raise any objections at trial.

*2.  Undisclosed damages*

Defendant requests the Court exclude any documents which Plaintiff contends relate to the calculation of damages but were not previously disclosed in discovery.  Plaintiff counters that this motion is vague and further asserts that he properly disclosed all evidence of damages.  The Court grants this motion.

*3.  Exclude witnesses from the courtroom pursuant to Rule 65*

Defendant moves the Court to exclude witnesses from the courtroom prior to their testimony.  Defendant has no objection.  The Court explained that witness sequestration is not a proper subject for a motion in limine, and Defendant agrees to withdraw this motion.  This motion is denied as moot.

*4.  Size of law firm*

Defendant argues that any reference to the relative size of Defendant's counsel's law firm is irrelevant and severely prejudicial.  Plaintiff has no objection.  This motion is granted.

*5.  Insurance*

Defendant argues that any reference to the insurance or type of insurance held by Defendant would be irrelevant and severely prejudicial.  Plaintiff generally agrees but states that evidence of insurance might be relevant to "proof of agency, ownership, or control, or bias or prejudice of a witness."  [ECF No. 188 at 4 (citing Fed. R. Evid. 411)]  The Court grants this motion.

6.  *Hearsay statements of non-testifying medical providers*

Defendant asserts that any testimony about communications from Plaintiff's healthcare providers about his condition would be inadmissible hearsay.  Plaintiff responds that testimony that he underwent certain treatment or procedures at the advice of his doctors is not hearsay.  The Court grants this motion.

### III.   Defendant's motion in limine to bar testimony of Dr. Wade as to opinions of hepatitis C and related issues [ECF No. 164]

Defendant argues that, as Plaintiff's treating primary care physician, Dr. Wade does not have sufficient expertise to testify about Plaintiff's hepatitis C or alleged chronic conditions. Plaintiff responds that Dr. Wade is a board-certified physician in family medicine who properly provided a differential diagnosis opinion.  At the pretrial conference, the Court stated that Dr. Wade is a fact witness, not an expert witness, and may therefore testify to Plaintiff's hepatitis C and related conditions, but not the source of his hepatitis C infection.  This motion is denied in part and granted to the extent that Dr. Wade may not testify about how or where Plaintiff contracted hepatitis C.

### IV.   Defendant's motion in limine to exclude references to hepatitis.net [ECF No. 165]

Defendant asserts that all references to this website should be excluded because it is not a reliable source of medical information.  In response, Plaintiff argues that experts may rely on hearsay evidence, such as websites, as long as "this reliance was not exclusive."  [ECF No. 183 at

3]   At the pretrial conference, the Court reminded the parties that Dr. Wade is not an expert witness.  The Court denies the motion for the reasons stated on the record.

**V.      Defendant's motion in limine as to opinions of Plaintiff and Cody Wallace regarding dirty needle stick [ECF No. 167]**

Defendant argues that Plaintiff and his brother Cody Wallace may not testify about the cause of Plaintiff's hepatitis C infection because:  (1) they are not experts; (2) Plaintiff testified in his deposition that he did not witness a Defendant staff member use a dirty needle; and (3) Cody Wallace admitted that he was not present during Plaintiff's blood draws.  In response, Plaintiff argues that he should be permitted to testify as a lay witness about his perceptions and personal knowledge and experiences at Defendant's facility.   The motion is granted in part but denied to the extent that Plaintiff may testify to his observations and experiences in Defendant's facility.

**VI.     Defendant's motion in limine as to opinions regarding abdominal symptoms [ECF No. 168]**

Defendant requests the Court prohibit Plaintiff and Dr. Wade from testifying that Plaintiff's alleged stomach pain, swelling of organs, and gallbladder pain are related to his hepatitis C. Plaintiff does not object to this motion as it pertains to Plaintiff's testimony, but he argues that Dr. Wade's opinion connecting Plaintiff's abdominal complaints to hepatitis C are reliable and relevant.  This motion is denied.

**VII.    Defendant's motion in limine to bar the admission of medical records dated after close of evidence [ECF No. 169]**

Defendant states that, in November 2020, Plaintiff supplemented his Rule 26(a) disclosures with numerous medical bills that were not previously disclosed, but he did not supply the medical records referenced in those bills.  Defendant argues that, because Plaintiff failed to produce updated medical records, Plaintiff "cannot now use any updated records at trial."  [ECF No. 169 at 3]  In response, Plaintiff asserts that:  (1) he complied with Rule 26(e)'s requirement to

supplement discovery; and (2) because Plaintiff's medical treatment is "undisputedly ongoing," Defendant should not be permitted to suggest that Plaintiff did not receive medical treatment after the close of discovery.  [ECF No. 187]  To the extent Defendant argues that Plaintiff's more recent medical bills are irrelevant, the Court denies the motion.  The Court grants this motion to the extent that Plaintiff may not produce the medical bills without producing the underlying medical records.

### VIII.   Defendant's motion in limine to bar all testimony regarding other clinical studies [ECF No. 171]

Defendant requests the Court bar "any and all testimony regarding other clinical studies, run by [Defendant] and any other clinics, in which Plaintiff did not personally participate."  In particular, Defendant argues that Plaintiff should not be permitted to present evidence comparing other clinical studies to the two 2016 studies at issue in this case.  Plaintiff counters that, if Defendant suggests that Plaintiff contracted hepatitis C by screening for or participating in other studies, then Plaintiff and his witnesses are entitled to describe how blood draws were performed in those other clinical studies based on their personal experience.  The Court denies this motion.

### IX.    Defendant's motion in limine regarding wage loss from clinical studies [ECF No. 172]

Defendant argues that Plaintiff's evidence of wage loss and any possible future wage loss will be based on pure speculation.  In particular, Defendant argues that Plaintiff cannot base his lost wages on his brother Cody Wallace's earnings from medical studies, because it is impossible to know whether Plaintiff and his brother would have been screened and selected for the same studies.  In response, Plaintiff asserts that he and his brother had been participating in studies together "for years."  The Court explained that Plaintiff may suggest an amount of lost wages, and the calculation of that figure will be subject to cross-examination.  The Court denies this motion at this time but will reconsider its ruling based on the evidence at trial.

**X.    Defendant's motion in limine to preclude photographs, audio recordings, and video recordings [ECF No. 173]**

Defendant argues that the Court should exclude all photographs and audio and video recordings from its St. Charles facility because "they are irrelevant, will mislead the jury, and Plaintiff will be unable to lay a proper foundation for the photographs and recordings."  In particular, Defendant maintains that Plaintiff's photographs and recordings are irrelevant because they do not depict the facility at the time Plaintiff participated in the studies.  Plaintiff opposes the motion, arguing that this evidence is relevant because the photographs and recordings were taken at the same facility, which was under the same management, and relates to how Defendant conducted its blood draws. The Court grants this motion because photographs and recordings from a later date are not relevant to Plaintiff's claims.

**XI.    Defendant's motions in limine to bar Plaintiff from admitting at trial medical treatment records [ECF No. 174] and medical bills [ECF No. 175] that were neither necessary nor casually connected to the alleged negligence**

Defendant asserts that medical records and bills unrelated to Plaintiff's hepatitis C infection are not admissible.  Additionally, Defendant reiterates its argument that Plaintiff may not present medical bills for which he has not disclosed the associated medical records.  Plaintiff agrees that non-related medical bills should be excluded at trial, but argues that he may present medical records and bills that relate to his hepatitis C symptomology.  The Court grants Defendant's two motions only to the extent they exclude medical records and bills unrelated to Plaintiff's hepatitis C infection.  The Court otherwise defers ruling on these motions due to the need for evidence connecting Plaintiff's medical tests or treatment to his hepatitis C.

**XII.    Defendant's motion in limine to preclude Plaintiff's use of the "Golden Rule" arguments and testimony and vague "danger" and "safety" arguments and testimony [ECF No. 176]**

Defendant argues that Golden Rule-type arguments confuse the jury as to the actual legal standard required for recovery in negligence actions.  Additionally, Defendant asserts that vague testimony about "safety" or "danger" is prejudicial because it encourages the jury to base an award on something other than the legal standard of care.  Plaintiff does not object to Defendant's motion to exclude references to the Golden Rule.  However, Plaintiff argues that Defendant's request to prohibit Plaintiff from using the words "safety" or "danger" is unreasonable because the concepts of safety and avoidance of needless danger are inherent in negligence claims.  The Court grants Defendant's motion as to the Golden Rule arguments.  The Court defers ruling on references to safety and danger until trial.

**XIII.  Defendant's motion in limine to bar testimony of Dr. Hull as to opinions of causation [ECF No. 178]**

Defendant asserts that the Court should exclude Dr. Hull's expert witness testimony that Plaintiff "more likely than not" contracted hepatitis C while participating in studies at Defendant's facility.  More specifically, Defendant contends that Dr. Hull is not qualified to testify as an expert on hepatitis C and lacks foundation for any causation opinion.  Plaintiff points out that the Court previously addressed Defendant's arguments in its order and memorandum of December 2020 denying Defendant's <u>Daubert</u> motion to strike Dr. Hull's testimony and opinions.  [<u>See</u> ECF No. 133]  Plaintiff further asserts that Dr. Hull, an epidemiologist, is qualified to testify to causation and his methodology is sound.   For the reasons stated on the record and in the Court's December 2020 order and memorandum, the Court denies the motion.

**XIV.   Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion in limine [ECF No. 166] is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Defendant's general motions in limine [ECF No. 163] are **GRANTED in part** and **DENIED in part.**

**IT IS FURTHER ORDERED** that Defendant's motion in limine to bar testimony of Dr. Wade as to opinions of hepatitis C and related issues [ECF No. 164] is **GRANTED in part** and **DENIED in part.**

**IT IS FURTHER ORDERED** that Defendant's motion to exclude references to hepatitis.net [ECF No. 165] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion in limine as to opinions of Plaintiff and Cody Wallace regarding dirty needle sticks [ECF No. 167] is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Defendant's motion in limine as to opinions regarding abdominal symptoms [ECF No. 168] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion in limine to bar the admission of medical records dated after the close of evidence [ECF No. 169] **GRANTED in part**.

**IT IS FURTHER ORDERED** that Defendant's motion in limine to bar all testimony regarding other clinical studies [ECF No. 171] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion in limine regarding wage loss from clinical studies [ECF No. 172] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion in limine to exclude photographs, audio recordings, and video recordings [ECF No. 173] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motions in limine to bar Plaintiff from admitting at trial medical treatment records [ECF No. 174] and medical bills [ECF No. 175] for treatment that was not necessary nor causally connected to the alleged negligence in the petition

are **GRANTED in part** to exclude records and bills unrelated to Plaintiff's hepatitis C infection and are otherwise **DEFERRED** until trial.

**IT IS FURTHER ORDERED** that Defendant's motion in limine to preclude Plaintiff's use of the "Golden Rule" arguments and testimony and vague "danger" and "safety" arguments and testimony [ECF No. 176] is **GRANTED** with respect to the "Golden Rule" arguments and **is otherwise DEFERRED** until trial**.**

**IT IS FINALLY ORDERED** that Defendant's motion in limine to bar Dr. Hull's testimony as to opinions regarding causation [ECF No. 178] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of June, 2021