# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IAN WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:18-cv-01859-PLC |
| vs. ) | |
| ) | |
| PHARMA MEDICA RESEARCH, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT PHARMA MEDICA RESEARCH, INC'S MEMORANDUM IN SUPPORT OF MOTION FOR DIRECTED VERDICT AT THE CLOSE OF ALL THE EVIDENCE**

COMES NOW, Defendant, Pharma Medica Research, Inc., by and through its undersigned attorneys, Hinshaw & Culbertson LLP, Terese A. Drew and Angela S. McQuage, and for its Motion for Directed Verdict at the Close of All The Evidence, states as follows:

Plaintiff has failed to establish through competent evidence that Pharma Medica Research, Inc. ("PMR") was responsible for transmitting Hepatitis C to Plaintiff.

In his Second Complaint, Plaintiff alleged two counts of negligence, one for specific negligence and one under Res Ipsa Loquitur, that Defendant PMR was negligent because they:

a) Failed to properly train its employees and/or agents to perform blood extraction in a safe and sanitary fashion;

b) Failed to properly screen its employees and/or agents to ascertain whether said employees and/or agents were qualified and properly trained to draw blood samples in a safe and sanitary fashion;

c) Failed to properly supervise its employees and/or agents to insure that those employees and/or agents drew blood in a safe and sanitary fashion;

d)  Failed to supply sufficient equipment to allow for the safe and sanitary drawings of blood samples;

e)  Failed to properly clean and sterilize equipment used to draw blood samples;

f)  Failed to properly screen its employees, and/or agents, and/or other participants in the study to determine whether such individuals were infected with contagious diseases; and

g)  Failed to properly dispose of unsanitary equipment used in the blood drawing process. See Plaintiff's Second Amended Complaint.

On a Motion for Directed Verdict, if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (a) resolve the issue against the party; and (b) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. USCS Fed Rules Civ Pro R 50.  Motions for Directed Verdict should be granted when the evidence produced by the party opposing the motion, 'when given the benefit of all reasonable inferences, would not suffice as the basis for a rational conclusion in that party's favor.'"  Warren v. State Farm Fire & Cas. Co., 531 F.3d 693, 698 (8th Cir. 2008).

Based on the evidence presented during the case, it would be impossible for the jury to have a legally sufficient evidentiary basis to find for Plaintiff under a claim for specific negligence or negligence under res ipsa loquitur.

## SPECIFIC NEGLIGENCE

Plaintiff has failed to produce evidence that any specific claimed act or omission by PMR was a proximate cause of the injury to the Plaintiff.

To establish a claim for negligence under Missouri law, the plaintiff must prove: (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) a failure of the defendant to perform that duty, and (3) an injury proximately caused by the defendant's failure. *Blevens v. Holcomb*, 469 F.3d 692, 694 (8th Cir. 2006).

Plaintiff must prove the Defendant failed to use the degree of skill and learning ordinarily used under the same or similar circumstances by members of the Defendant's profession and that his negligent act or acts caused the Plaintiff injury." *Coon v. Dryden*, 46 S.W.3d 81, 90 (Mo. App. W.D. 2001); *Nadolski v. Ahmed*, 142 S.W.3d 775, 760 (Mo. App. W.D. 2004); See also *Blevens*, 469 F.3d at 694.

Actionable negligence requires competent proof that the injury for which the damages are sought was caused by the defendant. *Elam v. Alcolac, Inc.*, 765 S.W.2d 42, 172 (Mo. App. 1988).

A defendant's conduct is the proximate cause of a plaintiff's injury when the injury is the natural and probable consequence of the conduct. (citation omitted). *Collins v. Missouri Bar Plan*, 517 S.W.3d 726, 732 (Mo. App. W.D. 2005).

"The usual test for a causal connection between a defendant's negligence and a plaintiff's injury is whether the facts in evidence show that the injury would not have been sustained but for the negligence." *Delisi v. St. Luke's Episcopal-Presbyterian Hosp., Inc.*, 701 S.W.2d 170, 175 (Mo App. E.D. 1985).

Plaintiff has not presented any evidence that any action or omission on the part of the Plaintiff caused Plaintiff's Hepatitis C infection.

Specifically, Plaintiff has failed to provide any evidence that PMR failed to properly train its employees and/or agents to perform blood extractions in a safe and sanitary fashion. In fact, Dr. Heather Jordan's testified the PMR phlebotomists used standard procedures including wearing

gloves and using new needles when performing blood draws. Dr. Jordan testified the phlebotomists and interns underwent blood-borne pathogen training, training on PMR procedures, and training on how to conduct blood draws. Neither Sharon Brown nor Bertharee Becton, prior PMR employees, testified to any training deficits.

Plaintiff failed to present any evidence that PMR failed to properly supervise its employees. Dr. Jordan testified that the majority of the time there was a group leader, quality control person, or a study coordinator monitoring the blood draws. Sharon Brown further testified to a group leader being present when Ms. Becton accidentally stuck herself with a needle. Neither Edward Totland, Plaintiff nor Cody Wallace testified that the two 2016 studies at issue were conducted without any PMR supervision.

Additionally, Plaintiff failed to submit evidence that PMR failed to supply sufficient equipment to allow for the safe and sanitary drawing of blood samples. In fact, there was no allegation by Plaintiff that PMR did not have sufficient equipment for safe and sanitary blood draws. Plaintiff, Cody Wallace, and Edward Totland all testified there were sufficient needles with safety caps in place, gloves, and sharps containers throughout the clinic and blood draw areas.

Plaintiff failed to submit any testimony or documentary evidence that PMR failed to properly clean and sterilize equipment used to draw blood samples and as a result of that failure Plaintiff contracted Hepatitis C. Plaintiff failed to submit testimony of anyone observing a PMR phlebotomist using used, unclean or unsterilized equipment to draw Plaintiff's blood. Edward Totland testified he never witnessed a PMR phlebotomist use a needle without a the security cap on the needle, he never saw a phlebotomist reuse a needle on a participant, and needles were properly disposed in a bio-hazard container. Two prior PMR employees, Sharon Brown and Bertharee Becton, both testified they never observed any phlebotomist use a dirty needle, use a

needle that did not have the security cap, or fail to dispose of all needles in the bio-hazard container. Likewise, both individuals confirmed they never engaged in such procedures.

Plaintiff has failed to submit any evidence that any employee, agent, or other participant, in either 2016 PMR study, were infected with contagious diseases, specifically Hepatitis C.

Plaintiff failed to submit evidence that any individual at PMR improperly disposed of unsanitary equipment and their failure resulted in Plaintiff's Hepatitis C infection. As discussed above, Edward Totland, Sharon Brown, and Bertharee Becton all testified that PMR phlebotomist disposed of the blood draw needles in the bio-hazard containers. Plaintiff's only suggestion of an improper disposal of unsanitary equipment was that participants would place bloody cotton balls in a cup. However, Plaintiff did not submit any evidence that Plaintiff ever came in contact with another participant's bloody cotton ball, used needle or that Plaintiff ever came in contact with a fellow participant's blood.

There has been no evidence presented to establish causation and the jury would not have a legally sufficient evidentiary basis to find for Plaintiff on his specific negligence claim. As such, the Court should grant Defendant's Motion for Directed Verdict at the Close of All the Evidence as to Plaintiff's specific negligence claim against PMR.

## RES IPSA LOQUITUR CLAIM

Additionally, Plaintiff has failed to establish a claim under the doctrine of res ipsa loquitur.

To make a submissible case of negligence under the res ipsa loquitur doctrine, the plaintiff must establish three elements: (1) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (2) the instrumentalities involved were under the management and control of the defendant; and (3) the defendant possesses superior knowledge or means of information as to the cause of the occurrence. *Sides v. St. Anthony's Med. Ctr.*, 258

S.W.3d 811, 814 (Mo. 2008).  For a res ipsa loquitur claim to succeed, the plaintiff must prove all three elements of the doctrine.  *Green v. Plaza in Clayton Condo. Ass'n* , 410 S.W.3d 272, 282 (Mo. App. 2013).

Plaintiff failed to produce any competent evidence to establish the second element, that the instrumentalities involved were under the management and control of defendant.

The second element requires control over the instrumentality that caused the injury at the *time* the injury occurred.  *Green*, 410 S.W.3d at 283 (emphasis added).  Under the doctrine of res ipsa loquitur, the time at which control over the instrumentality is relevant is the time the injury occurred because that is when a negligence claim springs to life.  *Id*. at 283-84.

Plaintiff asserted he contracted Hepatitis C by a contaminated needle stick at either of two (2) studies at PMR in 2016.

Plaintiff's expert, Dr. Hull, an epidemiologist, testified that he could not identify the exact date plaintiff contracted Hepatitis C, however, he testified Plaintiff most likely contracted Hepatitis C in the two to twelve weeks prior to experiencing symptoms.

Plaintiff testified his symptoms began on June 16, 2016.

Dr. Hull testified Plaintiff most likely contracted Hepatitis C from a contaminated needle stick between March 3, 2016 through June 12, 2016.

Testimony offered by Plaintiff showed Plaintiff underwent needlesticks at clinics other than PMR in the relevant timeframe.  Plaintiff testified he screened for a study at Medpace on May 3, 2016 which required a needlestick.  Plaintiff also admitted to undergoing two blood draws with Spaulding Clinical Research in May 2016.

Dr. Hull testified it only takes one contaminated needlestick to result in the transmission of Hepatitis C.

As Plaintiff underwent additional needlesticks at clinics not under the control of PMR, Plaintiff is unable to prove the second element, that the instrumentalities involved were under the management and control of PMR.

Accordingly, there was no testimony and no other evidence upon which Plaintiff could make a submissible case of negligence under res ipsa loquitor.  As such, the Court should grant Defendant's Motion for Directed Verdict at the Close of All the Evidence.

## CONCLUSION

Given there was no evidence to establish causation, the jury would not have a legally sufficient evidentiary basis to find for Plaintiff on his specific negligence claim.  As such, the Court should grant Defendant's Motion for Directed Verdict at the Close of All the Evidence as to Plaintiff's specific negligence claim against PMR.  Further, there was no evidence to establish that Defendant had control over the instrumentality that caused the injury at the time the injury occurred.  Therefore, the Court should grant Defendant's Motion for Directed Verdict at the Close of All the Evidence.

**HINSHAW & CULBERTSON LLP**

By:     */s/ Terese A. Drew*
Terese A. Drew, #32030
Angela S. McQuage #63088
701 Market Street, Suite 260
St. Louis, MO 63101-1843
P: 314-241-2600
F: 314-241-7428
tdrew@hinshawlaw.com
Attorneys for Defendants
PHARMA MEDICA RESEARCH, INC.

1004374\309436050.v1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served to counsel via the Court's e-filing system on this 8th day of November, 2021, addressed to the following attorney(s) of record:

Brian Wendler
Angie M. Zinzilieta
Aaron N. Clite
WENDLER LAW, P.C.
900 Hillsboro, Suite 10
Edwardsville, IL  62025
P:  (618) 692-0011
F:  (618) 692-0022
wendlerlawpc@gmail.com

*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　*/s/ Terese A. Drew*