# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IAN WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-CV-1859 PLC |
| ) | |
| PHARMA MEDICA RESEARCH, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Ian Wallace's motion for new trial. [ECF No. 260]  Defendant Pharma Medica Research, Inc. opposes the motion. [ECF No. 261]  For the reasons set forth below, the Court denies the motion for new trial.

**I.      Discussion**

Plaintiff filed this action against Defendant alleging that, as a result of Defendant's negligence conducting blood draws, he contracted hepatitis C while participating in a clinical study at Defendant's medical research facility in Spring 2016.  The action was tried to a jury between November 1 and November 5, 2021.  The jury returned a verdict in favor of Defendant.  Plaintiff moves for a new trial pursuant to Federal Rule of Civil Procedure 59(e).

Plaintiff argues that he is entitled to a new trial because the Court erred in:  (1) permitting Defendant to present undisclosed expert testimony; (2) allowing Defendant's corporate representative to testify to "his unsupported legal opinion regarding Defendant's ability to require hepatitis C testing of its employees"; (3) prohibiting Plaintiff from introducing videotapes and photographs depicting Defendant's premises; (4) prohibiting Plaintiff from testifying that he had seen a particular specialist after Defendant elicited testimony that the specialist refused to see

1

Plaintiff; and (5) and providing the jury an improper jury instruction. [ECF No. 260]  Plaintiff also claims that he "was substantially prejudiced by the cumulative effect of the errors." [Id. at 10]  Defendant counters that the alleged errors do not warrant a new trial because "the Judge made the correct rulings," and "even if the allegations of trial errors are correct, these errors did not result in a miscarriage of justice causing prejudicial error[.]" [ECF No. 261 at 2]

"A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996) (citations omitted).  The "key question" in considering a motion for new trial is "whether a new trial is necessary to prevent a miscarriage of justice." Fletcher v. Tomlinson, 895 F.3d 1010, 1024 (8th Cir. 2018) (quotations omitted).  "[A] new trial is only an appropriate remedy when an aggrieved party proves prejudice, meaning that the result at trial would have been different if not for the district court's error." Acuity v. Johnson, 776 F.3d 588, 596 (8th Cir. 2015).  "Under Rule 59, the decision to grant a new trial lies within the sound discretion of the trial court, and its decision will not be reversed on appeal absent a clear abuse of that discretion." Der v. Connolly, 666 F.3d 1120, 1126 (8th Cir. 2012) (quoting Haigh v. Gelita USA, Inc., 632 F.3d 464, 471 (8th Cir. 2011)).  See also Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) ("The authority to grant a new trial … is confided almost entirely to the exercise of discretion on the part of the trial court.").

As a preliminary matter, the Court notes that Plaintiff, as the moving party, failed to file a trial transcript.  As the issues Plaintiff raises are factually intensive, the lack of a transcript "significantly hinder[s]" the Court's consideration of Plaintiff's arguments for a new trial. Sellner v. MAT Indus., LLC, No. 13-1289 ADM/LIB, 2018 WL 4829184, at *3 (D. Minn. Oct. 4, 2018).  "It is not sufficient for counsel to present [a motion for new trial] relying entirely on counsel's

2

recollections and characterizations of the testimony, rather than by means of specific citations to and quotations from the trial record[.]" Smiley v. Gary Crossley Ford, Inc., No. 14-201-CV-W-SWH, 2016 WL 1642679, at *1 (W.D. Mo. Apr. 25, 2016) (quoting Martinez v. Valdez, 125 F. Supp. 3d 1190, 1196-97 (D. Colo. 2015).  "[G]eneral references to … 'witness X testified that...' require the Court to canvass the record and speculate about which particular statements by a witness the party is relying upon.  This improperly requires the Court to adopt the role of advocate." Martinez, 125 F. Supp. 3d at 1197 (failure to file a transcript was a sufficient basis to deny a motion for new trial).  As Plaintiff did not provide the Court a transcript of the trial, the Court "is left to decide the matter based on memory or by scouring its notes or other unofficial recordings of the proceedings." Smiley, 2016 WL 1642679, at *1.

### A. Undisclosed expert witness testimony

Plaintiff claims that Defendant's expert witnesses, namely, Dr. Aronsohn and Ms. Glasgow-Roberts, testified to undisclosed opinions beyond the scope of their reports and deposition testimony in violation of Rule 26, and thus the trial court should have excluded their testimony pursuant to Rule 37.  More specifically, Plaintiff argues that Defendant elicited from Dr. Aronsohn and Ms. Glasgow-Roberts (1) testimony relating to medical records and/or deposition transcripts that Defendant failed to disclose had been supplied to those witnesses after their depositions; and (2) opinions that were not previously disclosed in either their reports or their depositions.  In response, Defendant asserts that the trial court did not err in admitting the challenged testimony.

When a motion for new trial is based on evidentiary rulings, the movant must "show the error affected his substantial rights and that a new trial would likely produce a different result." Am. Fam. Mut. Ins. Co. v. Graham, 792 F.3d 951, 957 (8th Cir. 2015) (citing Pointer v. DART,

417 F.3d 819, 822 (8th Cir. 2005)). "[N]o error in either the admission or the exclusion of evidence … is ground for granting a new trial … unless refusal to take such action appears to the court inconsistent with substantial justice." Ladd v. Pickering, 783 F. Supp. 2d 1079, 1086 (E.D. Mo. 2011) (quoting Harris v. Chand, 506 F.3d 1135, 1138 (8th Cir. 2007)) (alterations in original). See also Gareis v. 3M Company, 9 F.4th 812, 816 (8th Cir. 2021) ("[W]e we will not set aside a verdict or grant a new trial due to an erroneous evidentiary ruling unless that ruling was prejudicial."). In other words, a movant must show "that [the challenged] rulings had a substantial influence on the jury's verdict." Vogt v. State Farm Ins. Co., 963 F.3d 753, 771 (8th Cir. 2020) (quotation omitted).

In regard to Dr. Aronsohn, Plaintiff asserts that, at trial, Dr Aronsohn rendered opinions based on medical records and deposition transcripts that he did not have at the time of his deposition and that "Defendant failed to reveal had been subsequently supplied to him[.]" [ECF No. 260 at 2]  According to Plaintiff, Plaintiff's counsel objected at trial, and the Court overruled the objection, "on the grounds that the records and transcripts sent to him were equally available to Plaintiff" and "Plaintiff could cross examine him about such records and transcripts." [Id.] Defendant does not dispute Plaintiff's account, but contends that Defendant's "inadvertent failure to disclose the fact of Dr. Aronsohn's review of additional medical records (furnished by Plaintiff) and deposition transcripts was harmless," because Dr. Aronsohn's testimony at trial did not contradict his earlier deposition testimony.  [ECF No. 261 at 3-4]

Plaintiff appears to claim that Dr. Aronsohn testified to undisclosed opinions because Defendant failed to disclose that Dr. Aronsohn reviewed additional medical records and deposition transcripts after his deposition.  However, Plaintiff fails to identify any contradiction between the opinions Dr. Aronsohn expressed in his reports and deposition and those communicated at trial. Here, the substance of Dr. Aronsohn's testimony was consistent with his expert reports and

4

deposition testimony. "A new trial is not warranted where an expert's testimony is consistent with deposition testimony." Vaughn v. Eichhorn, 4:19-CV-1201 JAR, 2021 WL 6072499, at *2 (E.D. Mo. Dec 23, 2021) (citing Stanley v. Cottrell, Inc., No. 4:10-CV-1505 HEA, 2014 WL 518170, at *1 (E.D. Mo. Feb. 10, 2014)). See also Estate of West v. Domina Law Group, PC, No. 1:16-CV-30 HCA, 2019 WL 10888714, at *11–12 (S.D. Iowa May 21, 2019) (trial court did not err in admitting expert's testimony in response to hypothetical questions that did not appear in his reports because his testimony was consistent with the bases or reasons set forth in his reports).

Furthermore, Plaintiff fails to demonstrate how Dr. Aronsohn's testimony affected the outcome of the trial. In regard to prejudice, Plaintiff states only that, when the alleged undisclosed opinions came to light at trial, Plaintiff "had no opportunity to formulate an effective cross examination let alone consider [ ] rebuttal witnesses." [ECF No. 260 at 7] Plaintiff does not explain what "effective cross-examination" his counsel would have presented if Defendant had properly supplemented its expert's reports. Nor does Plaintiff identify rebuttal witnesses that he might have called. In short, Plaintiff did not satisfy his burden to demonstrate that the Court's alleged evidentiary error resulted in a miscarriage of justice. See, e.g., Estate of West, 2019 WL 10888714, at *14-15.

As to Ms. Glasgow-Roberts, Plaintiff states that she "testified to facts and data that was either never previously disclosed or was contrary to her deposition testimony." [ECF No. 260 at 3] Specifically, Plaintiff recounts that: (1) in her deposition, Ms. Glasgow-Roberts stated that she had never worked in a clinical setting similar to Defendant's, but testified "directly to the contrary" at trial; and (2) in her deposition, she stated that blood draws should take between three to five minutes, but at trial she testified that "2 minutes is acceptable." [Id.] In its response, Defendant: (1) points out that at trial Plaintiff "noted the contradiction [in Ms. Glasgow-Roberts' statements

5

relating to her previous work experience] to the jury"; and (2) denies Plaintiff's claim that Ms. Glasgow-Roberts testified that a "two-minute window for a blood draw was acceptable or safe." [ECF No. 261 at 7-8]

Without the benefit of citations to an official transcript, the Court will assume for the purposes of this motion that Plaintiff accurately summarized Ms. Glasgow-Roberts' trial testimony. Assuming for purposes of this motion that Ms. Glasgow-Robert's trial testimony contradicted her deposition testimony and that Plaintiff preserved the objection at trial, Plaintiff failed to demonstrate that her testimony was "so prejudicial that a new trial would necessarily produce a different result." Children's Broad. Corp. v. Walt Disney Co., 357 F.3d 860, 867 (8th Cir. 2004). Moreover, nothing prevented Plaintiff from using the discrepancies between Ms. Glasgow-Roberts' trial and deposition testimony to discredit her expert opinion. Under the circumstances, a new trial is not necessary to prevent a miscarriage of justice due to admission of the challenged expert testimony.

### B. Defendant's corporate representative's unsupported legal opinion

Plaintiff seeks a new trial on the ground that Defendant's corporate representative Dr. Shabaz Khan testified that "some unidentified person employed by Defendant" had advised Dr. Khan that "he could not require, under Missouri law, its employees to undergo hepatitis C testing."[1] [ECF No. 260 at 7] Prior to trial, the Court struck this statement from Dr. Khan's deposition transcript, reasoning that "it is not a correct statement of Missouri law and/or [Dr. Khan] was not qualified to make such a statement." [Id.] However, according to Plaintiff's motion, Dr. Khan

---

[1] In support of this alleged trial error, Plaintiff cites Missouri case law. However, "the granting or denial of a new trial is a matter of procedure governed by federal law." Bank of Am., N.A. v. J.B. Hanna, LLC, 766 F.3d 841, 851 (8th Cir. 2014) (quoting Brown v. Royalty, 535 F.2d 1024, 1027 (8th Cir. 1976)).

"interjected the same comment at trial," which "was extremely prejudicial to Plaintiff." [Id. at 7-8]

Defendant counters that "Dr. Khan's misstatement of the law regarding testing employees for [h]epatitis C did not, in any way, change the result of trial." [ECF No. 261 at 8] Plaintiff's theory at trial was that Defendant negligently used a dirty needle to draw blood, infecting him with hepatitis C. Defendant argues that Dr. Khan's "understanding as to why [Defendant] did not test [its] employees … did not in any way limit Plaintiff's argument that he contracted [h]epatitis C from a dirty needle" at Defendant's facility. [Id. at 9]

As previously stated, "[a]n allegedly erroneous evidentiary ruling does not warrant a new trial unless the evidence was so prejudicial that a new trial would likely produce a different result." Burris v. Gulf Underwriters Ins. Co., 787 F.3d 875, 880 (8th Cir. 2015) (internal quotation marks and citation omitted). The Court need not decide whether it erred in admitting Dr. Khan's testimony because Plaintiff has not shown that the alleged error affected his rights or that a new trial would produce a different result. See, e.g., Am. Family Mut. Ins., 792 F.3d at 957. Beyond his conclusory assertion that Dr. Khan's challenged testimony prejudiced his case, Plaintiff fails to explain how the testimony affected the outcome of the trial. Because Plaintiff has failed to demonstrate in what manner Dr. Khan's testimony was prejudicial, the Court denies the motion for new trial on this ground.

**C. Exclusion of videotapes and photographs**

Plaintiff claims the Court erred in excluding videos and photographs "depict[ing] how Defendant operates its blood draws at the same facility and under the same management and under the same policies" as were in place when Plaintiff participated in Defendant's clinical trials. [ECF No. 260 at 8] Plaintiff maintains that the alleged error warrants a new trial because "Plaintiff and

7

his witnesses were required to testify through narrative regarding how Defendant's facility was operated[,]" and "Defendant's witnesses disputed that testimony." [Id. at 8-9] Defendant counters that the Court properly excluded the proffered video and photograph evidence as irrelevant because they were taken during a different clinical study more than one year after Plaintiff contracted hepatitis C.[2] [ECF No. 261 at 9] Defendant further asserts that Plaintiff could neither lay a proper foundation nor authenticate the videos and photos. [Id. at 10]

Prior to trial, Defendant filed a motion in limine urging the Court to exclude all photographs and audio and video recordings from Defendant's facility "because they are irrelevant, will mislead the jury, and Plaintiff will be unable to lay a proper foundation for the photographs and recordings." [ECF No. 173] Plaintiff opposed the motion, arguing that the evidence was relevant because the photographs and recordings were taken at the same facility, which was under the same management, and related to how Defendant conducted its blood draws. [ECF No. 190] The Court granted the motion in limine "because photographs and recordings from a later date are not relevant to Plaintiff's claims." [ECF No. 201 at 10]

In the context of a motion for new trial, an erroneous evidentiary ruling does not warrant a new trial "unless that ruling was prejudicial." Gareis, 9 F.4th at 816. To demonstrate that the exclusion of evidence was prejudicial, "the party must show that the excluded evidence was 'of such a critical nature that there is no reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted.'" Id. (quoting Gill v. Maciejewski, 546 F.3d 557, 562 (8th Cir. 2008)).

---

[2] In support of its position that the photographs and videos were recorded more than one year after Plaintiff contracted hepatitis C, Defendant states that "one of the photographs depicted a schedule with a date of September 6, 2017." [ECF No. 261 at 11] Plaintiff does not dispute that the photographs and videos were taken at least one year after the events at issue in this case.

8

"In order to be admissible, a photograph must be shown to be an accurate representation of the thing depicted as it appeared at the relevant time." Schmidt v. City of Bella Villa, 557 F.3d 564, 569 (8th Cir. 2009). See also See, e.g., Covey v. Wal-Mart Stores East, L.P., No. 16-1262-CV-W-ODS, 2018 WL 358518, at *2 (W.D. Mo. Jan. 18, 2018) (evidence of a condition may be "admitted to show the condition of the scene at the time of the incident if [the evidence] is not about the condition at a time too remote from the incident, and a proper foundation is laid showing there has been no change in the condition since the incident."). Plaintiff asserts, without any supporting evidence or documentation, that the photographs and videos accurately represented the conditions under which Defendant performed blood draws in Spring 2016. However, as Defendant points out in its response to Plaintiff's motion for new trial, the photographs and videos were taken over a year after Plaintiff's participation and show a "different study at [Defendant's facility] which was likely conducted under different protocols." [ECF No. 261 at 10-11]

Plaintiff relies on Danbury v. Jackson Cnty., 990 S.W.2d 160, 166 (Mo. App. 1999) for the proposition that a trial court commits reversible error when it excludes photographs of an accident site on the ground that the photographs were taken at a later date and depicted remedial measures. Danbury is inapposite. In that case, the trial court excluded the plaintiff's photographs of the defendant's stone steps on which she allegedly tripped and injured her leg because the pictures, taken over one year later, showed subsequent repairs – specifically, the repair of a hole in the mortar that caused the plaintiff to fall. Id. at 162. The Missouri Court of Appeals reversed and remanded, finding that the "evidentiary value of the photographs as a visual aid of the site of the injury was sufficient to overcome an objection based only on the concern that the photographs showed subsequent remedial measures." Id. at 166.

Unlike the proffered evidence in Danbury, Plaintiff's photographs and videos did not merely depict the condition of a physical structure after the relevant time period. As Plaintiff acknowledges in his motion for new trial, the photographs and videos purported to show "how Defendant operated its blood draws" at least one year after the relevant time period. However, in the absence of evidence establishing that the study depicted in the photos and videos was similar to those in which Plaintiff participated – in terms of its practices, procedures, participants, staffing, tools, and the numbers and frequency of blood draws – Plaintiff failed to demonstrate that the photographs and videos were accurate representations of Defendant's facility at the relevant time.

Even if the Court erred in excluding the photographs and videotapes, the Court finds that Plaintiff failed to demonstrate "that any error affected his rights or that a new trial would produce a different result." Am. Family Mut. Inc. Co., 792 F.3d at 957. See also Schmidt, 557 F.3d at 569. The Court therefore denies Plaintiff's motion for new trial on this ground.

**D.  Evidence that Dr. Crippin examined Plaintiff**

Plaintiff claims he is entitled to a new trial because Defendant presented videotaped deposition testimony in which Plaintiff's treating physician incorrectly stated that he referred Plaintiff to Dr. Crippin, a liver specialist, but Dr. Crippin "chose not to see him because his acute hepatitis C [had] spontaneously cleared." [ECF No. 260 at 9 (quoting ECF No. 260-11 at 8)] Plaintiff alleges that Dr. Crippin, in fact, examined him, and therefore the trial court erred in prohibiting him from testifying to his treatment by Dr. Crippin. Defendant counters that the Court properly prohibited Plaintiff from informing the jury he was examined by Dr. Crippin because "Plaintiff failed to supplement his discovery to include any evidence that Plaintiff was actually seen, evaluated by, or underwent any testing ordered by Dr. Crippin." [ECF No. 261 at 14]

10

Plaintiff asserts, without any supporting legal authority or analysis, that he "was prejudiced by the jury being misled into believing this specialist had refused to see Plaintiff when the facts were to the contrary." [ECF No. 260 at 9] However, Defendant did not dispute that Plaintiff was diagnosed with and treated for hepatitis C. The issue at trial was not whether Plaintiff became infected with hepatitis C but whether that infection was caused by a dirty needlestick at Defendant's facility. Plaintiff fails to explain how information regarding his treatment by Dr. Crippin would have affected the outcome of the trial. The Court denies Plaintiff's motion for a new trial on this ground.

### E. Jury Instruction No. 19

Plaintiff cursorily argues that the Court erred in submitting to the jury Instruction No. 19, the verdict director for res ipsa loquitur, because it "provided a roving commission, misstated Plaintiff's burden and was error." [ECF No. 260 at 10] More specifically, Plaintiff states that the instruction was improper "because it could be read to require Plaintiff [to] prove Defendant could not be liable unless it controlled, [or] had the right to control or manage the persons who drew Plaintiff's blood at the other studies at which he screened." [Id. at 9] In response, Defendant asserts that Instruction No. 19 "was a correct statement of the law and modeled the Missouri Approved Instructions." [ECF No. 261 at 15]

"[A] district court has broad discretion in instructing the jury, and jury instructions do not need to be technically perfect or even a model of clarity." Gill, 546 F.3d at 563 (quoting B & B Hardware, Inc. v. Hargis Indus., Inc., 252 F.3d 1010, 1012 (8th Cir. 2001)). "[E]rrors regarding jury instructions will not demand reversal unless they result in prejudice to the appealing party." Smith v. Chase Group, Inc., 354 F.3d 801, 808 (8th Cir. 2004). The question is "whether the

11

instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." B & B Hardware, 252 F.3d at 1012.

"In diversity cases the instructions must fairly and adequately represent the law of the forum state." Smith, 354 F.3d at 808.  Under Missouri law, a submissible case of negligence under the res ipsa loquitur doctrine requires a plaintiff to establish:  "(1) the incident would not ordinarily occur in the absence of negligence; (2) the incident was caused by an instrumentality under the defendant's control; and (3) the defendant has superior knowledge about the cause of the incident." Green v. Plaza in Clayton Condo. Ass'n, 410 S.W.3d 272, 282 (Mo. App. 2013) (citing Sides v. St. Anthony's Med. Ctr., 258 S.W.3d 811, 814 (Mo. banc 2008)).

The Missouri Approved Instruction for res ipsa loquitur provides:

> Your verdict must be for plaintiff if you believe:
> First, defendant *(here describe defendant's control, right to control, or management of the instrumentality involved)*, and
> Second, *(here describe the occurrence, event or incident, which is alleged to be the type that does not ordinarily happen when those in charge use due care)*, and
> Third, from the fact of such occurrence and the reasonable inferences therefrom, such occurrence was directly caused by defendant's negligence, and
> Fourth, as a direct result of such negligence, plaintiff sustained damage.

MAI (Civil) 31.02(3) (8th ed.).  Instruction No. 19 directed the jury as follows:

> Your verdict must be for plaintiff if you believe:
> First, Defendant, controlled, had the right to control or manage the persons and instrumentalities, used to draw Plaintiff's blood during the relevant time period in 2016; and
> Second, the transmission of Hepatitis C from a blood draw does not ordinarily happen in the absence of due care;
> Third, from the fact of such occurrence and the reasonable inferences therefrom, such occurrence was directly caused by Defendant's negligence, and
> Fourth, as a direct result of such negligence, plaintiff sustained damage.

[ECF No. 260-12]  Instruction No. 19 adequately stated Missouri law on res ipsa loquitur and closely followed the relevant MAI.

Plaintiff cites no authority to support his position that Instruction No. 19 misstated Plaintiff's burden, much less gave the jury a roving commission. "A roving commission occurs when an instruction ... submits an abstract legal question that allows the jury to roam freely through the evidence and choose any fact which suit[s] its fancy or its perception of logic to impose liability." Williams v. Mercy Clinic Springfield Cmtys., 568 S.W.3d 396, 413 (Mo. banc 2019) (alterations in original) (quoting Klotz v. St. Anthony's Med. Ctr., 311 S.W.3d 752, 767 (Mo. banc 2010)). "When determining whether a roving commission occurred, a jury instruction should be considered in the context of the trial as a whole." Id. "If the testimony presented at trial sufficiently explained and thereby gave meaning to the language of the verdict director, the instruction is not a roving commission." Bell v. Redjal, 569 S.W.3d 70, 95 (Mo. App. 2019).

At trial, Plaintiff presented evidence that he participated in medical research studies at Defendant's facility in March, April, and June 2016. He and other study participants testified that, while they did not observe any dirty needlesticks, the blood draws performed by Defendant were numerous, frequent, and hurried, and the conditions at the facility were "chaotic." Plaintiff's expert witness, epidemiologist Dr. Hull, testified that, based on the timing of Plaintiff's symptoms in June 2016 and the typical incubation period for hepatitis C, Plaintiff most likely contracted hepatitis C from either Defendant's April 2016 study, which involved twenty-four blood draws, or its June 2016 study, which involved twenty-two blood draws.

For its part, Defendant presented evidence that, during the relevant time period in 2016, Plaintiff screened for and/or participated in medical research studies that were not conducted by Defendant. For example, Plaintiff participated in a BioPharma study in mid-February 2016 and screened for a Spaulding Medical study in mid-May 2016. Defendant theorized that a dirty needlestick from one of these other sources could have infected Plaintiff with hepatitis C.

Instruction No. 19 was not misleading in the context of the evidence presented at trial. Consistent with Missouri law on res ipsa loquitur and the evidence in this case, Instruction No. 19 directed the jury to find in Plaintiff's favor if: Defendant controlled or managed the persons and instrumentalities used to draw Plaintiff's blood; blood draws performed with due care do not ordinarily transmit hepatitis C; and Defendant's negligence caused Plaintiff's hepatitis C infection.

To the extent that Plaintiff claims Instruction No. 19 "could be read to require Plaintiff [to] prove Defendant … had the right to control or manage the persons who drew Plaintiff's blood at the other studies at which he screened," in 2016, Plaintiff's proposed reading of the instruction does not make sense in the context of this case. Instruction No. 19 fairly and adequately informed the jury about the applicable law and submitted the issues in the case to the jury. The Court denies Plaintiff's motion for new trial on this ground.

### F. Cumulative evidence

Finally, Plaintiff argues that even if the alleged errors do not individually warrant reversal, the cumulative effect of the rulings does. However, "[f]or the Court to grant [Plaintiff] a new trial based on the cumulative effect of errors or circumstances, [Plaintiff] must establish that [he] was 'substantial[ly] prejudice[d]' by the cumulative effect of the errors." Bayes v. Biomet, Inc., No. 4:13-CV-800 SRC, 2021 WL 3286594, at *5 (E.D. Mo. Aug. 2, 2021) (quoting Vogt, 963 F.3d at 773). Here, the Court finds no evidence that the claimed errors substantially influenced the verdict, either individually or cumulatively. The Court therefore denies Plaintiff's motion for new trial on this ground.

## II.     Conclusion

Accordingly, for the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's motion for new trial [ECF No. 260] is **DENIED**.

                                                            */s/ Patricia L. Cohen*
                                            PATRICIA L. COHEN
                                            UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of January, 2022